776 So.2d 333 (2001)
Robert ORTIZ, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Respondent.
No. 1D00-1624.
District Court of Appeal of Florida, First District.
January 17, 2001.
*334 Robert Ortiz, pro se, petitioner.
Robert A. Butterworth, Attorney General, and Sean F. Callaghan, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Robert Ortiz (Ortiz) seeks review by petition for writ of certiorari of an order of the circuit court denying his petition for writ of mandamus. That petition challenged a Department of Corrections ("DOC") disciplinary proceeding in which Ortiz was found guilty of possessing marijuana and was penalized by disciplinary confinement and forfeiture of gain-time. The circuit court denied the petition as untimely.
Ortiz sought certiorari review in this court. We reversed and remanded to the circuit court with directions to conduct such further proceedings as were necessary to ascertain the date the grievance order at issue was filed with the clerk and thereby "rendered" for appellate purposes. See Ortiz v. Moore, 741 So.2d 1153 (Fla. 1st DCA 1999). The circuit court determined that the grievance order was rendered on April 11, 1997, and that the petition was filed in circuit court on May 27, 1997, more than 30 days after rendition of the DOC order. The circuit court denied the petition for mandamus relief as time barred.
Ortiz again seeks certiorari review in this court. Pursuant to Florida Rule of Appellate Procedure 9.100(c)(4), a petition challenging an order of DOC entered in a prisoner disciplinary proceeding must be filed within 30 days of rendition of that order. Similarly, section 95.11(8), Florida Statutes, requires that a court action challenging a prisoner disciplinary proceeding must be commenced within 30 days after final disposition of the proceeding through the administrative grievance process under chapter 33, Florida Administrative Code.
In this case, Ortiz alleges that his petition for writ of mandamus contains a certificate of service showing that he served a copy of the petition on DOC on May 5, 1997. DOC argues that the petition was not served on the clerk of the circuit court until May 20, 1997, and not filed until May 27, 1997, and that neither date is timely to review DOC's April 11, 1997, order.
We determine that the petition for writ of mandamus should be deemed to be timely filed in the circuit court. In Haag v. State, 591 So.2d 614 (Fla.1992), the supreme court adopted the "mailbox rule," holding that a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. In Alfonso v. Department of Environmental Regulation, 616 So.2d 44 (Fla.1993), the supreme court stated that an appellate court's jurisdiction is invoked by timely filing of a notice of appeal or petition in either the lower court that issued the order to be reviewed or the appellate court which would have jurisdiction to review the order. Finally, the supreme court has recently held in Thompson v. State, 761 So.2d 324 (Fla.2000), that the court will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison officials for mailing on a timely date. Here, the petition for writ of mandamus contains a timely certificate of service showing service on DOC, the lower tribunal, on May 5, 1997. Thus the petition for writ of mandamus was timely filed to seek review of DOC's April 11, 1997, order.
The order on review is hereby quashed and the cause remanded to the circuit court with directions to reconsider the merits of petitioner's substantive claims in light of Osterback v. Singletary, 679 So.2d 43 (Fla. 1st DCA 1996), and other applicable precedents.
*335 Writ GRANTED, order QUASHED and REMANDED for further proceedings with instructions.
ERVIN, BOOTH and KAHN, JJ., concur.