927 So.2d 231 (2006)
Kenneth KOLB, Appellant,
v.
D.L. FUSCO, D. Inman, J. Harris and Florida Department of Corrections, Appellees.
No. 4D05-1164.
District Court of Appeal of Florida, Fourth District.
May 3, 2006.
Rehearing Denied May 1, 2006.
Kenneth W. Kolb, Indiantown, pro se.
No brief filed on behalf of appellee.

On Motion for Rehearing
WARNER, J.
We deny the motion for rehearing, withdraw our prior opinion, and substitute the following in its place.
Appellant, a prison inmate, challenges the dismissal of his civil complaint for failure to provide an affidavit of indigency in compliance with section 57.085(2), Florida Statutes (2004). We affirm.
Appellant first filed a petition for mandamus in the trial court (Case No. 04-509 CA) for replacement by the prison system of lost or destroyed personal property. He presented an affidavit of indigency pursuant to section 57.085(2), Florida Statutes. The Clerk of the Circuit Court determined that appellant was indigent, and the court then entered an order requiring monthly payments from appellant's prison trust account to pay the filing fee in accordance with the statute. Appellant filed an appeal to this court of this order, which we treated as a petition for certiorari (Case No. 4D04-4808) and denied in January 2005, noting that the request to proceed as an indigent was not denied but that the statute requires that the inmate reimburse the clerk for the advancement of the court costs by creating a lien on the prisoner's trust account.
*232 In the meantime, appellant filed a second civil complaint in circuit court (Case No. 04-571) seeking damages for the loss of personal property (lost shoes) and demanded judgment for damages as well as injunctive relief. The appellant did not file an affidavit of indigency with this complaint. Although the clerk of court notified the appellant of the deficiency, he failed to correct it by filing an affidavit, and the trial court dismissed his complaint, without prejudice. Appellant could have filed an indigency affidavit and requested reinstatement of his complaint within the time allowed for rehearing, but he did not do so. Because compliance with section 57.085 is mandatory, dismissal was proper. The requirements of section 57.085 must be met for each suit filed by an inmate, as successive filings may require other information. See, e.g., § 57.085(7), Fla. Stat.
Affirmed.
STEVENSON, C.J., and HAZOURI, J., concur.