985 So.2d 55 (2008)
John J. KATSOCK, Jr., and Pinnacle Asset Management, Inc., Appellants,
v.
Rebecca KULBASKI, Appellee.
No. 4D07-4323.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
Rehearing Denied July 23, 2008.
Michael K. Spotts, Stuart, for appellants.
D. Gary Lovell, Jr. of Carlock, Copeland, Semler & Stair, LLP, Atlanta, Georgia, and Rick Terrana of Law Office of Rick Terrana, P.A., Tampa, for appellee.
GROSS, J.
Rebecca Kulbaski accused appellants John J. Katsock, Jr., and Pinnacle Asset Management, Inc., of fraudulent trading in her securities account. Kulbaski's agreement with appellants provided that the agreement would be construed "in accordance with the law of the State of New York." The agreement also contained an arbitration clause providing that an arbitration award "shall be final, and judgment *56 on the award rendered may be entered in any court, state or federal, having jurisdiction."
Kulbaski's claim went to an arbitration hearing in Philadelphia. On August 25, 2003, a National Association of Securities Dealers arbitration panel awarded Kulbaski $371,707 against appellants.
On August 24, 2004, Kulbaski filed a complaint to enforce and confirm the arbitration award under both the Florida and Federal Arbitration Acts. She filed the complaint in the Florida county where Katsock resided and obtained personal service upon him. The circuit court entered a final judgment confirming the award.
The circuit court properly entered judgment under the Federal Arbitration Act, 9 U.S.C.A. § 1-14. In Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 405 So.2d 790, 792 (Fla. 4th DCA 1981), we held that "Florida courts must recognize and apply the Federal Arbitration Act and that arbitration agreements which are valid and enforceable under the federal law are also valid and enforceable in Florida courts." Once a party has obtained an arbitration award, 9 U.S.C.A. § 9 provides that
[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award.
Here, the arbitration clause provided that a judgment on the arbitration award could be rendered "in any court, state or federal, having jurisdiction." Thus, it was proper for Kulbaski to seek confirmation in a Florida court. See Lewis & Peat Coffee, Inc. v. Condor Group, Inc., 588 So.2d 316 (Fla. 3d DCA 1991). Contrary to appellants' contention, Kulbaski properly filed a complaint seeking confirmation, since a civil action is typically commenced in Florida by the filing of a complaint or petition. See Fla. R. Civ. P. 1.050.
Affirmed.
STEVENSON and MAY, JJ., concur.