989 So.2d 1250 (2008)
Douglas WALKER, Appellant,
v.
David ELLIS, Warden, and Walter A. McNeil, Secretary, Florida Department of Corrections, Appellees.
No. 1D07-6449.
District Court of Appeal of Florida, First District.
September 11, 2008.
Douglas Walker, pro se, Appellant.
*1251 Kathleen Von Hoene, General Counsel, Florida Department of Corrections, Tallahassee; Bill McCollum, Attorney General, Shelly L. Marks, Assistant Attorney General, Tallahassee, for Appellees.
THOMAS, J.
Appellant filed a petition for writ of mandamus in the trial court seeking restoration of forfeited gain time and removal of all references to disciplinary reports and findings of guilt in regard to six different incidents from his institutional records. The trial court dismissed the petition based on the designation that Appellant is a vexatious litigant and the resulting sanctions prohibiting Appellant from commencing future pro se actions in the trial court. Because the sanctions were imposed after Appellant filed his petition for writ of mandamus, we reverse the dismissal of Appellant's petition.
Appellant filed his petition for writ of mandamus on February 28, 2007. On April 2, 2007, the trial court issued an order finding that the petition showed a prima facie case for relief and requiring the defendants to show cause why the relief should not be granted. Subsequently, on March 7, 2007, in a separate case, the trial court issued an "Order Denying Extraordinary Relief" and deemed Appellant to be a vexatious litigant. On April 17, 2007, the trial court denied Appellant's motion for rehearing of its March 7, 2007, order and prohibited him from "commencing any actions in this court without representation of counsel...." Appellees responded to the April 2, 2007, order to show cause, asking the trial court to dismiss Appellant's petitions based on the sanctions imposed as a result of his designation as a vexatious litigant. The trial court granted Appellees' motion to dismiss in light of the sanctions ordered in April 2007.
In general, appellate courts allow direct review of an order dismissing a petition for writ of mandamus. See Burgess v. Crosby, 870 So.2d 217, 218 (Fla. 1st DCA 2004); Mazer v. Orange County, 811 So.2d 857, 858 (Fla. 5th DCA 2002). Further, the de novo standard of review is applied when considering an order granting a motion to dismiss. See Mazer, 811 So.2d at 858.
Section 68.093(4), Florida Statutes, provides, in pertinent part:
The court in any judicial circuit may, on its own motion or on the motion of any party, enter a prefiling order prohibiting a vexatious litigant from commencing, pro se, any new action in the courts of that circuit without first obtaining leave of the administrative judge of that circuit.
§ 68.093(4), Fla. Stat. (2007). Further, section 68.093(5), Florida Statutes, provides, "The clerk of the court shall not file any new action by a vexatious litigant pro se unless the vexatious litigant has obtained an order from the administrative judge permitting such filing." See § 68.093(5), Fla. Stat. (2007) (emphasis added).
Appellant filed his petition for writ of mandamus on February 28, 2007, almost two months before his April 17, 2007, designation as a vexatious litigant and prohibition against commencing future actions with the court. Appellant's action, however, is considered commenced upon the filing of his petition. See, e.g., Ortiz v. Moore, 776 So.2d 333 (Fla. 1st DCA 2001) (finding that the appellant's petition for writ of mandamus was timely filed and the action commenced within the required time period under the mailbox rule). Because Appellant's petition was filed and the action commenced prior to the imposition of sanctions, the order dismissing Appellant's *1252 petition based on the sanctions is in error.
Finally, to the extent Appellant seeks review of his vexatious litigant designation and the resulting sanctions, his arguments are improperly before this court. This court affirmed Appellant's vexatious litigant designation and imposition of sanctions in Walker v. McNeil, 982 So.2d 692 (Fla. 1st DCA 2008). As such, Appellant is barred from challenging his designation and resulting sanctions by the law of the case doctrine. See State v. McBride, 848 So.2d 287, 289-90 (Fla.2003).
Accordingly, we reverse the trial court's dismissal of Appellant's petition for writ of mandamus and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WEBSTER and VAN NORTWICK, JJ., concur.