998 So.2d 668 (2009)
Stephen MADDRIE, Petitioner,
v.
Bruce H. COLTON, Respondent.
No. 4D08-3549.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
*669 Stephen Maddrie, Okeechobee, pro se.
No appearance required for respondent.
PER CURIAM.
We dismiss the petition for writ of certiorari and other documents filed by petitioner Stephen Maddrie in this case. Because petitioner's abuse of judicial process is interfering with this court's ability to properly administer justice, we exercise our discretion and will no longer accept petitioner's pro se filings.
On August 25, 2008, Maddrie filed a document in this court which sought review of the lower court's July 1, 2008 order that dismissed Maddrie's complaint for declaratory relief. Maddrie had previously sought the same relief in three separate actions. In this, his fourth request for the same relief, he again sought a declaratory judgment that the state attorney had improperly destroyed records relating to Maddrie's aggravated battery convictions in St. Lucie County Circuit Court case number 1999CF4008B.[1] As it had done with the three prior actions, the trial court dismissed the complaint because Maddrie had failed to comply with the requirements of section 57.085(7), Florida Statutes (2008).
Section 57.085 provides for the deferral of prepayment of court costs for indigent prisoners. Subsection (7) requires an inmate, who has been declared indigent pursuant to the statute twice in the preceding three years, to obtain leave of court before again being declared indigent. In a request for leave of court, the inmate must provide a complete listing of each suit, action, claim, proceeding, or appeal *670 brought by the prisoner in the preceding five years. § 57.085(7), Fla. Stat. (2008).
In an attempt to comply with this statute, Maddrie provided the trial court with documentation for 52 cases he has filed in appellate courts across the State of Florida. Review of our records, however, shows that Maddrie listed only 26 of the 30 cases he has filed in this court. The instant proceeding is the 31st case Maddrie has filed in this court since his conviction in 2000. Additionally, in his request for leave of court, Maddrie listed just four Florida circuit court cases, which does not appear to be a complete list of the cases Maddrie has initiated in state and federal trial courts in the preceding five years. Considering Maddrie's grossly excessive filing, he faces a daunting task in fully cataloguing a complete list of all the cases he has filed in the preceding five years. He has likely lost track of his inordinate filings. He did not meet the requirements of the statute, and the trial court correctly dismissed the complaint.
The trial court's July 1, 2008 order dismissed the complaint with prejudice because the statute of limitations for bringing a declaratory judgment action had run. The August 25, 2008 motion Maddrie filed in this court seeking review of this order was untimely, whether treated as a notice of appeal or as a petition for writ of certiorari. Fla. R.App. P. 9.110(b); Fla. R.App. P. 9.100(c).
An order dismissing an action pursuant to section 57.085 is reviewable as a final order under Florida Rule of Appellate Procedure 9.030(b)(1)(A). Drayton v. Moore, 807 So.2d 819, 820 n. 1 (Fla. 2d DCA 2002). A direct appeal was the proper method to seek review of the order at issue in this case which refused to find Maddrie indigent and dismissed the complaint with prejudice. See, e.g., Kolb v. Fusco, 927 So.2d 231 (Fla. 4th DCA), review denied, 940 So.2d 1125 (Fla.2006).
Under any standard of review, however, Maddrie is not entitled to relief. Considering his patently abusive filing, even if he had adequately listed all his prior proceedings, the trial court would not have abused its discretion in denying Maddrie leave of court to again defer payment of court costs. Section 57.085 is intended to discourage frivolous lawsuits by inmates who abuse the civil indigency statutes. While we have not reviewed all of Maddrie's filings, their volume alone speaks volumes. It is highly unlikely that any prisoner would have almost 50 legitimate causes for seeking appellate review in five years. Maddrie has filed 15 proceedings in the Florida Supreme Court, 11 in the First District Court of Appeal, and more than 30 proceedings in this court. He has abused the right of access to the courts, and further leave of court for Maddrie to continue filing civil actions without paying costs appears inappropriate.
While this court was in the process of issuing an order dismissing this case as untimely filed, Maddrie filed additional motions seeking appellate review of the same issue. Apparently, he also filed a copy of his fourth complaint seeking declaratory relief with the court that entered the conviction in his criminal case. Because that court had prohibited Maddrie from further pro se filings (as a sanction for his abusive filing), he was referred to prison officials for disciplinary proceedings. § 944.279, Fla. Stat. (2008). The Department of Corrections forfeited gain time as a disciplinary sanction.
Maddrie then filed another document in the trial court again arguing the court's finding that he failed to meet the requirements of section 57.085 was in error. On September 18, 2008, the trial court entered an order dismissing this latest action. The later motions Maddrie filed in this court *671 appear to relate to this order. Maddrie cannot circumvent the untimely appeal of the July 2008 order by filing another action in circuit court that raises the same issue and then attempting to get review of the latest dismissal. We have consolidated these motions with the instant case, and because Maddrie's filings are untimely, without merit, and an abuse of procedure, we dismiss this case with prejudice.
We ordered Maddrie to show cause why this court should not hereafter refuse to accept his pro se filings. See State v. Spencer, 751 So.2d 47 (Fla. 1999). Maddrie's response argued that in his prior appeals he sought an improper remedy and this court should have treated the appeals as petitions for writs of certiorari. As we noted previously, a direct appeal appears to be the proper method of review for the order dismissing Maddrie's action. In case number 4D06-2737, we affirmed the dismissal of Maddrie's second request for declaratory relief. Maddrie v. Colton, 951 So.2d 851 (Fla. 4th DCA 2007). In that appeal, Maddrie raised some of the same issues argued in this petition. That appeal was decided on the merits and was not determined on procedural grounds. Maddrie failed to establish any valid excuse for his abusive filings.
We exercise our discretion and henceforth refuse to accept any more of Maddrie's pro se filings. See Perry v. Mascara, 959 So.2d 771, 773 (Fla. 4th DCA 2007). The clerk of this court is directed to no longer accept any paper filed by Stephen Maddrie unless the document has been reviewed and signed by a member in good standing of the Florida Bar.
GROSS, C.J., KLEIN and MAY, JJ., concur.
NOTES
[1] Maddrie is presently incarcerated and serving a fifteen-year sentence in this criminal case.