PER CURIAM.
 

 The appellant, Douglas Walker, seeks review of the trial court’s order dismissing his case in light of an order imposing sanctions on him. The appellant argues that the order imposing sanctions did not bar the instant action because it was entered after he filed his complaint in the instant case. We agree and reverse and remand accordingly.
 

 On April 13, 2007, the appellant filed a
 
 pro se
 
 tort complaint against James Mc-Donough, Secretary of the Department of Corrections, and several correctional officers personally. On April 17, 2007, in a different action, the trial court entered an order designating the appellant a vexatious litigant and imposing sanctions prohibiting the appellant from bringing any
 
 pro se
 
 actions. On May 17, 2007, the trial court ordered the appellee to show cause why the relief requested by the appellant should not be granted. In its response,
 
 *1069
 
 the appellee argued that the order imposing sanctions prohibited the appellant from filing his complaint. The trial court agreed and, on October 30, 2007, entered an order quashing the show cause order and dismissing the case in light of the order imposing sanctions.
 

 The appellant’s action is considered commenced upon filing of the complaint.
 
 See Katsock v. Kulbaski,
 
 985 So.2d 55, 56 (Fla. 4th DCA 2008); Fla. R. Civ. P. 1.050. In
 
 Walker v. Ellis,
 
 989 So.2d 1250, 1251 (Fla. 1st DCA 2008), the appellant filed a mandamus petition before the order imposing sanctions was entered against him.
 
 Id.
 
 The trial court relied on the order imposing sanctions to dismiss the appellant’s petition.
 
 Id.
 
 This Court held that the appellant’s action was not barred because it was filed before the trial court entered its order imposing sanctions.
 
 Id.
 
 Similarly, in the instant case, because the appellant filed his complaint before the order imposing sanctions was entered, the trial court’s order dismissing the appellant’s complaint was error.
 

 REVERSED and REMANDED.
 

 WOLF, DAVIS, and ROBERTS, JJ., concur.