PER CURIAM.
 

 Appellant, Ulysses Brown, challenges the denial of his petition for writ of habeas corpus. Because this is Appellant’s sixteenth action in this court, we ordered him to show cause why this court should not summarily affirm the order on review, under rule 9.315, Florida Rules of Appellate Procedure; why Appellant should not be sanctioned pursuant to rule 9.410, Florida Rules of Appellate Procedure for filing a frivolous appeal; and why such sanctions should not include a direction to the Clerk of this Court to reject any future filings Appellant submits to this Court relating to his convictions and sentences. Appellant responded by requesting that this appeal be voluntarily dismissed.
 

 “A reviewing court has discretion to retain jurisdiction and proceed with the appeal even where a notice of voluntary dismissal is timely filed.”
 
 Washington v. State,
 
 982 So.2d 1207, 1208 (Fla. 5th DCA 2008);
 
 see also, State v. Schopp,
 
 653 So.2d 1016 (Fla.1995). In this case, we decline to dismiss the appeal.
 

 This appeal is frivolous because it has no arguable basis in law or fact.
 
 See
 
 
 *743
 
 § 57.085(9)(a), Fla. Stat. Appellant’s argument that the trial court erroneously failed to consider his “Petition for Writ of Habeas Corpus” as a motion for post-conviction relief is without merit. The writ of habeas corpus is available only if the petitioner shows probable cause to believe that he or she is detained without lawful authority. § 79.01, Fla. Stat. Appellant is currently detained by the Florida Department of Corrections under the lawful authority of two judgments and sentences.
 
 State v. Brown,
 
 Case No. 82-6820-CF (4th Cir., Duval Co. Fla.);
 
 State v. Brown,
 
 Case No. 82-6845—CF (4th Cir., Duval Co. Fla.).
 

 When a motion for post-conviction relief would be untimely, dismissal of a petition for writ of habeas corpus is the appropriate disposition.
 
 See Baker v. State,
 
 878 So.2d 1236 (Fla.2004). Appellant’s judgments and sentences were entered in 1983, and except for the minimum mandatory provisions, affirmed on direct appeal in 1984.
 
 Brovin v. State,
 
 447 So.2d 321 (Fla. 1st DCA 1984). The 2-year limitation imposed by rule 3.850(b), Florida Rules of Criminal Procedure would thus have expired, with only limited exceptions, over twenty years ago.
 

 Appellant’s response did not show cause why this court should not limit his ability to file pro se actions and papers in this court. Considering Appellant’s incessant initiation of proceedings in this court, and finding this appeal frivolous, we find that Appellant has abused the judicial process and hindered the ability of this Court to devote its resources to the timely consideration of genuine disputes and color-able claims by those who have not abused the system.
 
 See Pettway v. McNeil,
 
 987 So.2d 20 (Fla.2008).
 

 The order on appeal is AFFIRMED. In addition, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Ulysses Brown, DC# 089244, that are related to his convictions and sentences in Case No. 1982 CF 06820 and 1982 CF 06845, unless signed by a member in good standing of The Florida Bar. If Mr. Brown violates this order, he may be subject to further appropriate sanctions. See § 944.279(1), Fla. Stat.
 

 It is so ordered.
 

 ROBERTS and CLARK, JJ., and BROWNING, JR., EDWIN B., Senior Judge, concur.