PER CURIAM.
 

 Appellant, Douglas Walker, challenges the circuit court’s determination that his petition for writ of mandamus was frivolous, dismissal of the action, and direction to the Clerk of Courts to forward a copy of the order to the correctional facility for appropriate disciplinary action, pursuant to section 944.279, Florida Statutes. Because this is Appellant’s twenty-sixth action in this court,
 
 [1]
 
 we ordered him to show cause why this court should not summarily affirm the order on review, under rule 9.315, Florida Rules of Appellate Procedure; sanction Appellant pursuant to rule 9.410, Florida Rules of Appellate Procedure for filing a frivolous appeal; and why such sanctions should not include a direction to the Clerk of this Court to reject any future pro se filings Appellant submits to this
 
 *93
 
 Court. Appellant responded with a “Motion to Stay Pending Review” which urged the court to consider the merits of his appeal.
 

 Appellant has failed to show cause why the trial court’s order should not be summarily affirmed. The court correctly applied section 57.085, Florida Statutes, to find the action frivolous or malicious and to dismiss the action. §§ 57.085(8) & (9), Fla. Stat. Section 944.279, Florida Statutes, clearly provides authority for the court’s direction to the Clerk of Courts to send a copy of the order to the correctional institution for appropriate administrative proceedings. Appellant has failed to demonstrate any basis for reversal of the trial court’s order, and the order is summarily AFFIRMED. Fla. R.App. P. 9.315(a).
 

 Appellant’s response to the order to show cause fails to justify his filings in this court and others which are numerous to the point of abuse of the judicial process. The exercise of this court’s inherent authority to regulate and sanction disruptive litigants is warranted here.
 
 See Jackson v. Florida Dep’t of Corrections,
 
 790 So.2d 398 (Fla.2001);
 
 Maddrie v. Colton,
 
 998 So.2d 668 (Fla. 4th DCA 2009). Accordingly, Douglas Walker, DC# 637039, is now prohibited from initiating any new action in this court. The Clerk of this Court is instructed to reject any future filings submitted by Walker unless signed by a member in good standing of The Florida Bar. If Mr. Walker violates this order, he may be subject to additional sanctions.
 
 See
 
 § 944.279(1), Fla. Stat.
 

 It is so ordered.
 

 ROBERTS, CLARK, and ROWE, JJ., concur.
 

 [1]
 

 . Appellant previously initiated the following in this court:
 
 Walker v. Moore,
 
 1D99-1202;
 
 Walker v. Crosby,
 
 874 So.2d 590 (Fla. 1st DCA 2004);
 
 Walker v. Crosby,
 
 1D03-2563;
 
 Walker v. Crosby,
 
 886 So.2d 232 (Fla. 1st DCA 2004);
 
 Walker v. Crosby,
 
 881 So.2d 1119 (Fla. 1st DCA 2004);
 
 Walker v. Crosby,
 
 888 So.2d 20 (Fla.2004);
 
 Walker v. Crosby,
 
 906 So.2d 1065 (Fla. 1st DCA)
 
 rev. dismissed, Walker v. Crosby,
 
 913 So.2d 599 (Fla.2005);
 
 Walker v. Crosby,
 
 1D04-3399;
 
 Walker v. Crosby,
 
 891 So.2d 1135 (Fla. 1st DCA 2005);
 
 Walker v. McDonough,
 
 924 So.2d 819 (Fla. 1st DCA 2006);
 
 Walker v. McDonough,
 
 937 So.2d 128 (Fla. 1st DCA 2006);
 
 Walker v. Crosby,
 
 1D05-4958;
 
 Walker v. McDonough,
 
 959 So.2d 1194 (Fla. 1st DCA 2007);
 
 Walker v. State,
 
 1D06-3943;
 
 Walker v. McDonough,
 
 958 So.2d 927 (Fla. 1st DCA 2007);
 
 Walker v. McDonough,
 
 1D06-5383;
 
 Walker v. McDonough,
 
 1D06-5426;
 
 Walker v. McDonough,
 
 1D06-5458;
 
 Walker v. McDonough,
 
 967 So.2d 204 (Fla. 1st DCA 2007);
 
 Walker v. McDonough,
 
 973 So.2d 1132 (Fla. 1st DCA 2008);
 
 Walker v. McNeil,
 
 982 So.2d 692 (Fla. 1st DCA 2008);
 
 Walker v. McNeil,
 
 989 So.2d 643 (Fla. 1st DCA 2008);
 
 Walker
 
 v.
 
 McNeil,
 
 2 So.3d 1068 (Fla. 1st DCA 2009);
 
 Walker
 
 v.
 
 Ellis,
 
 989 So.2d 1250 (Fla. 1st DCA 2008); and
 
 Walker v. McNeil,
 
 1 D08-4971.
 

 The court notes that Appellant initiated the following in other courts:
 
 Walker v. Brantly,
 
 747 So.2d 941 (Fla. 2d DCA 1999);
 
 Walker v. McDonough,
 
 936 So.2d 576 (Fla. 2d DCA 2006);
 
 Walker v. State,
 
 941 So.2d 380 (Fla. 2d DCA 2006);
 
 Walker v. McDonough,
 
 968 So.2d 571 (Fla. 2d DCA 2007);
 
 Walker v. McDonough,
 
 967 So.2d 1143 (Fla. 2d DCA 2007);
 
 Walker v. Cullumber,
 
 978 So.2d 173 (Fla. 2d DCA 2007);
 
 Walker v. McDonough,
 
 970 So.2d 833 (Fla. 2d DCA 2007); and
 
 Walker v. McDonough,
 
 929 So.2d 1127 (Fla. 4th DCA 2006).