PER CURIAM.
 

 This petition for writ of habeas corpus challenges the judgments and sentences imposed in Madison County Circuit Court case number 95-131-CF.
 

 This petition for writ of habeas corpus is frivolous because it has no arguable basis in law or fact.
 
 See
 
 § 57.085(9)(a), Fla. Stat. (2009). The writ of habeas corpus is available only if the petitioner shows probable cause to believe that he or she is detained without lawful authority. § 79.01, Fla. Stat. Petitioner is currently detained by the Florida Department of Corrections under the lawful authority of judgments and sentences for first-degree murder and shooting into a dwelling.
 
 State v. Franklin,
 
 Case No. 95-131-CF (3rd Cir., Madison Co. Fla.).
 

 Because this was petitioner’s thirty-fourth action in this court concerning his 1995 judgments and sentences, we ordered him to show cause why he should not be sanctioned pursuant to Florida Rules of Appellate Procedure 9.410; and why such sanctions should not include a prohibition against appearing as a litigant in this court unless represented by counsel.
 

 Petitioner’s response did not show cause why this court should not limit his ability to file pro se actions and papers in this court. Considering petitioner’s incessant filing of proceedings in this court, we find that petitioner has abused the judicial process and hindered the ability of this Court to devote its resources to the timely consideration of genuine disputes and color-able claims by those who have not abused the system.
 
 See Pettway v. McNeil,
 
 987 So.2d 20 (Fla.2008);
 
 Brown v. McNeil,
 
 22 So.3d 741 (Fla. 1st DCA 2009).
 

 Accordingly, the petition for writ of ha-beas corpus is DENIED. In addition, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Leon Franklin, Jr., that are related to his convictions and sentences in Madison County Circuit Court case number 95-131-CF, unless signed by a member in good standing of The Florida Bar. If petitioner violates this order, he may be subject to further appropriate sanctions, including disciplinary procedures pursuant to the rules of the Florida Department of Corrections.
 
 See
 
 § 944.279(1), Fla. Stat.
 

 HAWKES, C.J., BENTON and THOMAS, JJ., concur.