PER CURIAM.
 

 Appellant, Louis Robenson, challenges the dismissal of his petition for writ of habeas corpus by the circuit court in the county in which he is detained. This is the sixteenth appellate action initiated by Appellant in this court, and was followed immediately by two more
 
 pro se
 
 appeals. In light of Appellant’s active litigation record in this and other courts of this state, this court ordered him to show cause why the trial court’s order court should not be summarily affirmed, under Florida Rule of Appellate Procedure 9.315; why Appellant should not be sanctioned pursuant to Florida Rule of Appellate Procedure 9.410 for filing a frivolous appeal; and why such sanctions should not include a direction to the Clerk of this Court to reject any future
 
 pro se
 
 filings from Appellant. Appellant responded by informing this court that such disposition of this appeal would give him no choice but to “take the Laws into his own hands.”
 

 Appellant failed to show cause why this court should not summarily affirm the order on appeal pursuant to rule 9.815. The trial court correctly dismissed the petition for writ of habeas corpus because the relief sought was not immediate release from unlawful detention, but immediate deportation to Haiti. The writ of habeas corpus is available only if the petitioner shows probable cause to believe that he or she is detained without lawful authority. § 79.01, Fla. Stat. Appellant is currently detained by the Florida Department of Corrections under the lawful authority of several sentences, including the life sentence imposed in
 
 State v. Robenson,
 
 Case No. 94-01770-CF (Fla. 5th Cir. Ct., Lake Cty.).
 

 Appellant likewise has failed to show cause why he should not be sanctioned for filing a frivolous appeal under rule 9.410. This appeal has no arguable basis in law or fact.
 
 See
 
 § 57.085(9)(a), Fla. Stat. The trial court committed no error in dismissing the petition. Under no circumstances is a petition for writ of habeas corpus in Florida state court an appropriate vehicle for a prisoner to seek deportation prior to the expiration of the sentence being served.
 

 Finally, Appellant has failed to show cause why the sanctions for filing this frivolous appeal should not include a direction to the Clerk of this Court to reject any future documents submitted to this Court by Appellant without representation of counsel in good standing with the Florida Bar. Considering Appellant’s unrelenting stream of filings in this court and others, and finding this appeal frivolous, we find that Appellant has abused the judicial process and hindered the ability of this court to devote its resources to the timely consideration of genuine disputes and colorable claims by those who have not abused the system.
 
 See Pettway v. McNeil,
 
 987 So.2d 20 (Fla.2008);
 
 Brown v. McNeil,
 
 22 So.3d 741 (Fla. 1st DCA 2009);
 
 Franklin v. State,
 
 25 So.3d 645 (Fla. 1st DCA 2009).
 

 The order on appeal is AFFIRMED. In addition, the Clerk of this Court is hereby instructed to reject any future
 
 *352
 
 pleadings, petitions, motions, documents, or other filings submitted by Louis Roben-son, DC# 308214, unless signed by a member in good standing of The Florida Bar. If Mr. Robenson violates this order, he may be subject to further appropriate sanctions.
 
 See
 
 § 944.279(1), Fla. Stat.
 

 It is so ordered.
 

 BENTON, VAN NORTWICK, and CLARK, JJ., concur.