ORDER IMPOSING SANCTIONS
PER CURIAM.
Appellant, Donald Perry (DC # 50031), sought review of an order summarily denying multiple postconviction motions relating to his 1977 first-degree murder conviction. We affirmed the trial court’s order without opinion on July 29, 2010, and we also issued an order directing Perry to “show cause ... why sanctions, possibly including a prohibition against appearing in this Court unless represented by counsel, should not be imposed against him” based upon his history of filing frivolous pro se appeals in this Court.
The response to the order filed by Perry failed to show good cause why sanctions should not be imposed against him. The records of this Court reflect 37 cases in which Perry has appeared pro se as the appellant or petitioner, including 17 cases since 2005 and at least 12 prior appeals involving the denial of postconviction motions related to his 1977 conviction. None of the prior appeals resulted in the granting of any relief to Perry, and like the prior cases, the present appeal was wholly frivolous.
We find that Perry’s repetitious and frivolous filings have substantially interfered with the administration of justice and have adversely affected the ability of this Court to devote its finite resources to consideration of genuine disputes and col-orable claims by those who have not abused the system. See Pettway v. McNeil, 987 So.2d 20 (Fla.2008); Franklin v. State, 25 So.3d 645 (Fla. 1st DCA 2009). Accordingly, it is hereby ordered that Perry shall secure the filing of a notice of appearance by a member in good standing of The Florida Bar in any active case now pending before this court in which he appears as appellant or petitioner within 10 days of the date of this order, failing which such cases shall be dismissed. Further, the Clerk of this Court is directed to accept no further pro se filings from Perry; if received, such documents shall be returned to Perry without filing and with a reference to this order. The Clerk shall also forward a certified copy of this order to the Department of Corrections pursuant to section 944.279, Florida Statutes.
IT IS SO ORDERED.
BENTON, C.J., VAN NORTWICK and WETHERELL, JJ., concur.