PER CURIAM.
Appellant Edward L. Brown challenges the dismissal of his fourth amended complaint for monetary damages in connection with administrative management measures imposed upon him while he was incarcerated at Union Correctional Institution. In light of Appellant’s active litigation record in this and other courts of this state, we ordered him to show cause why this Court should not summarily affirm the order on review, under Rule 9.315, Florida Rules of Appellate Procedure; why Appellant should not be sanctioned pursuant to Rule 9.410, Florida Rules of Appellate Procedure, for filing a frivolous appeal; and why such sanctions should not include a direction to the Clerk of this Court to reject any future filings submitted by Appellant unless Appellant is represented by a member of the Florida Bar. See Robenson v. McNeil, 39 So.3d 350 (Fla. 1st DCA 2010); Walker v. Ellis, 28 So.3d 91 (Fla. 1st DCA 2009). No response has been filed.
Appellant has failed to show cause why this court should not summarily affirm the order on appeal pursuant to Rule 9.315, Florida Rules of Appellate Procedure. The trial court correctly dismissed the fourth amended complaint for mone *1257 tary damages because the complaint failed to state any cause of action against the individual prison officials for actions outside the scope of their employment or in connection with any rulemaking activity, as specified in the trial court’s order.
Appellant likewise has failed to show cause why he should not be sanctioned for filing a frivolous appeal under Rule 9.410, Florida Rules of Appellate Procedure. This appeal is frivolous because, like the fourth amended complaint dismissed below, it has no arguable basis in law or fact. See § 57.085(9)(a), Fla. Stat.
Finally, Appellant has failed to show cause why the sanctions for filing this frivolous appeal should not include a direction to the Clerk of this Court to reject any future documents submitted to this Court by appellant without representation of counsel in good standing with the Florida Bar. Considering Appellant’s fifteen previous appeals in this Court stemming from case numbers 1992 CF 002412 and 1993 CF 002290 (2d Jud. Cir., Leon County) and twelve appeals from civil actions or petitions for extraordinary relief, and in light of the frivolous nature of this appeal, Appellant has abused the judicial process and hindered the ability of this Court to devote its resources to the timely consideration of genuine disputes and col-orable claims by those who have not abused the system. See, Desue v. Tucker, 100 So.3d 151 (Fla. 1st DCA 2012); Pettway v. McNeil, 987 So.2d 20 (Fla.2008); Brown v. McNeil, 22 So.3d 741 (Fla. 1st DCA 2009).
The order on appeal is AFFIRMED. In addition, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Edward L. Brown, DC# 104582, unless signed by a member in good standing of the Florida Bar. If Mr. Brown violates this order, he may be subject to further appropriate sanctions. See § 944.279(1), Fla. Stat.
It is so ordered.
CLARK, MARSTILLER, and SWANSON, JJ., concur.