# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1507
_____

ERIC A. WELCH,

    Appellant/Cross-Appellee,

    v.

MARK S. INCH, Secretary of
Florida Department of
Corrections, et al.,

    Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

February 15, 2019

PER CURIAM.

After Eric Welch appealed the portion of the circuit court's order dismissing his action, the Florida Department of Corrections filed a cross-appeal of the portion of the order denying its motion seeking a determination that Welch was a "vexatious litigant" pursuant to section 68.093, Florida Statutes, and seeking to sanction him accordingly.[1] Upon this court's

_____

[1] The motion sought other relief to sanction Welch as well, but the Department does not challenge the denial of these requests.

dismissal of Welch's appeal, the Department's cross-appeal remained pending. At issue is the Department's motion to declare Welch a "vexatious litigant."

In the pertinent part of the motion in question, the Department and other defendants requested that the circuit court "declare Mr. Welch a vexatious litigant under section 68.093 and order Welch to show cause why he should not be sanctioned with limitations on his ability to file pro se matters." Welch then filed his notice of dismissal pursuant to rule 1.420(a)(1), Florida Rules of Civil Procedure.[2] The Department filed its objection to the voluntary dismissal, asserting that it was a tactic to avoid the sanctions sought by the Department in its motion. A few days after filing its objection, the Department obtained a hearing date from the circuit court and prepared and distributed a notice of hearing on its pending motion.

Prior to the scheduled hearing, the circuit court entered the order on appeal. The court acknowledged Welch's voluntary dismissal, formally dismissed the case, and summarily denied the Department and other defendants' motion for various relief, including their request for a determination that Welch was a vexatious litigant under section 68.093. On appeal, the Department challenges the circuit court's summary denial of its motion, asserting that the court's entry of the order without conducting the scheduled hearing violated section 68.093(3). The Department raises no other basis for reversal other than the failure to hold a hearing.

Undoubtedly Welch is vexatious in the colloquial sense. But the circuit court's summary denial of the Department's motion did not violate the clear language of section 68.093(3), which is the only section that speaks to a "hearing" in such matters.

_____

[2] Rule 1.420(a) allows a plaintiff to dismiss his or her action prior to trial without further order of the court. However, the pending motion for affirmative relief filed by the Department and other defendants was in the nature of a counterclaim, and could thus remain pending for independent adjudication by the circuit court upon the defendant's objection to dismissal. *See* Fla. R. Civ. P. 1.420(a)(2).

Subsection (3) provides that a defendant, the Department in this case, "may move the court . . . for an order requiring the plaintiff to furnish security." § 68.093(3)(a), Fla. Stat. Upon the filing of a "motion for an order to post security," the action is stayed until the court rules on the motion. § 68.093(3)(d), Fla. Stat. Section 68.093(3)(b) describes "the hearing upon any defendant's motion for an order to post security," requiring the court to consider "any evidence" relevant to the motion at such hearing.

The Department's motion did not seek an order requiring Welch to furnish or post security – defined in the statute as "an undertaking by a vexatious litigant to ensure payment to a defendant in an amount reasonably sufficient to cover the defendant's anticipated, reasonable expenses of litigation, including attorney's fees and taxable costs." § 68.093(2)(c), Fla. Stat. Rather, the Department requested that the court deem Welch a "vexatious litigant" under the statute and, based on this designation, order him to show cause why he should not be sanctioned with limitations on his ability to file additional pro se actions. In effect, the Department sought relief under subsection (4) of the statute, which does not speak to the need for a hearing; in other words, the trial court was entitled to adjudicate the Department's motion without a hearing under that subsection.

The court's summary denial of this request without a hearing did not violate any provision of section 68.093 based on what the Department requested. Since the Department did not move for Welch to post security—the only potential sanction under section 68.093(3) for which a hearing may be deemed necessary—the circuit court did not err by denying the Department's motion without holding a hearing.

The Department sought, pursuant to section 68.093(4) to prohibit Welch from filing any new action. On appeal, however, it has not challenged the merits of the denial of its motion under section 68.093(4)—it has only contested the lack of a hearing.

Because the circuit court was not required to hold a hearing, it did not act improperly. Because the Department does not challenge the merits of the trial court's order, only the lack of a hearing, we are constrained to affirm.

AFFIRMED.

ROBERTS, MAKAR, and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Eric A. Welch, pro se, Appellant/Cross-Appellee.

Ashley B. Moody, Attorney General, and Anthony Dean Johnson, Assistant Attorney General, Tallahassee, for Appellee/Cross-Appellant.