DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALEX MISTIVAR,**
Appellant,

v.

**BROWARD COUNTY SHERIFF'S OFFICE,** et al.,
Appellees.

No. 4D2025-0959

[December 17, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey Levenson, Judge; L.T. Case No. CACE25002752.

Alex Mistivar, Roslindale, Massachusetts, pro se.

Colin Tillinghast Hayes, Assistant General Counsel, Office of the General Counsel, Fort Lauderdale, for appellees Broward County Sheriff's Office, Detective Lisa Almanza Londono, and Sergeant Neil Dodge.

No appearance for appellee Broward County.

PER CURIAM.

The plaintiff appeals from the circuit court's final order granting the defendants' motion to declare the plaintiff a vexatious litigant and to dismiss the case (the "Dismissal Order").

The defendants' motion asked the circuit court to dismiss the case due to the plaintiff's being a vexatious litigant under section 68.093(4), Florida Statutes (2024), or in the alternative, to order the plaintiff to post security as authorized by section 68.093(3), Florida Statutes (2024). Citing *Welch v. Inch,* 264 So. 3d 383 (Fla. 1st DCA 2019), the defendants argued that the circuit court did not need to have a hearing before declaring the plaintiff a vexatious litigant and dismissing the case.

Several hours after the defendants had filed their motion, the plaintiff filed a response in opposition to this motion. Approximately nine minutes later, the circuit court entered its Dismissal Order.

The Dismissal Order found that the plaintiff was a vexatious litigant and, pursuant to section 68.093(4), both dismissed the plaintiff's action and barred the plaintiff from commencing, pro se, any new action without first obtaining leave from the administrative judge.

Shortly after the circuit court entered the Dismissal Order, the plaintiff filed several motions to vacate the order and reopen the case. After a hearing the following week, the circuit court denied these motions and ordered that the case remain dismissed.

The circuit court erred in dismissing the action under section 68.093(4). Section 68.093(4)'s plain language authorizes a court to prohibit a "vexatious litigant from commencing, pro se, any <u>new</u> action in the courts of that circuit without first obtaining leave of the administrative judge of that circuit." § 68.093(4), Fla. Stat. (2024) (emphasis added). Section 68.093(4) does not authorize a court to dismiss a pending action. *See Walker v. Ellis*, 989 So. 2d 1250 (Fla. 1st DCA 2008) (reversing the circuit court's dismissal of the plaintiff's action because the action was filed two months before the plaintiff's designation as a vexatious litigant and prohibition against commencing future actions under section 68.093(4)).

Contrary to the defendants' assertion, *Welch*, 264 So. 3d 383, does not hold otherwise. *Welch* involved a plaintiff who had voluntarily dismissed his case, and does not speak to a court's ability to dismiss an action without a hearing under section 68.093(4). Rather, *Welch* found that the circuit court was not required to hold a hearing on the defendant's request that the court: (i) deem the plaintiff a "vexatious litigant" under section 68.093(4), and (ii) order the plaintiff to show cause why he should not be sanctioned with limitations on his ability to file additional pro se actions. *See id.* at 384–85. *Welch* noted that a hearing is required only if the defendant moves for the plaintiff to post security under section 68.093(3). *See id.* at 384.

Here, the circuit court correctly found that the plaintiff was a vexatious litigant under section 68.093(4). The defendants established that the plaintiff had filed six civil cases in the Seventeenth Judicial Circuit in the preceding five years. Each of these cases was adversely determined against the plaintiff. As discussed in the preceding paragraph, a hearing was not required for the court to make this determination. *See Welch*, 264 So. 3d at 384-85.

Accordingly, we affirm the circuit court's designation of the plaintiff as a vexatious litigant under section 68.093(4), but reverse the circuit court's

2

dismissal of the case under section 68.093(4). We remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

KUNTZ, C.J., CIKLIN and SHAW, JJ., concur.

*          *          *

***Not final until disposition of timely-filed motion for rehearing.***