# Supreme Court of Florida

_____

No. SC17-679
_____

**MICHAEL A. KENDRICK,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[January 25, 2018]

PER CURIAM.

Michael A. Kendrick filed with the Court a pro se petition for writ of habeas corpus.[1]  It is the thirty-ninth pro se petition or notice that he has filed with this Court since 2006.  We dismissed Kendrick's petition in this case and expressly retained jurisdiction to consider the imposition of sanctions.  See Kendrick v. Jones, No. SC17-679, 2017 WL 2391701, at *1 (Fla. June 2, 2017).

In 2008, Kendrick was convicted of attempted second-degree murder and sentenced to twenty years' imprisonment by the Circuit Court for the Thirteenth

_____

1.  We have jurisdiction.  See art. V, § 3(b)(9), Fla. Const.

Judicial Circuit, in and for Hillsborough County, Florida, in case number

292005CF013532000AHC.  His conviction and sentence were per curiam affirmed

by the Second District Court of Appeal.  See Kendrick v. State, 36 So. 3d 668 (Fla.

2d DCA 2010) (table).  Since his case became final, Kendrick has initiated

numerous challenges to his conviction and sentence in the circuit and district

courts, as well as in this Court.  In this Court alone, Kendrick has filed forty pro se

petitions and notices.  This Court has never granted Kendrick any of the relief that

he has sought in any of the petitions and notices that he has filed with this Court;

each of Kendrick's cases in this Court has been dismissed, denied, or transferred.[2]

---

2.  See Kendrick v. State, No. SC17-1232, 2017 WL 2829191 (Fla. June 30, 2017) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. State, No. SC16-1435, 2017 WL 225066 (Fla. Jan. 19, 2017) (dismissing mandamus petition); Kendrick v. Jones, No. SC16-1933, 2016 WL 6538662 (Fla. Nov. 3, 2016) (transferring mandamus petition to the district court); Kendrick v. State, No. SC16-1982, 2016 WL 6462428 (Fla. Nov. 1, 2016) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. State, No. SC16-1687, 2016 WL 5162601 (Fla. Sept. 19, 2016) (dismissing mandamus petition); Kendrick v. Jones, No. SC16-1418, 2016 WL 4194777 (Fla. Aug. 9, 2016) (transferring habeas petition to the circuit court); Kendrick v. Jones, No. SC16-918, 2016 WL 3450456 (Fla. June 6, 2016) (transferring habeas petition to the circuit court); Kendrick v. State, No. SC16-191, 2016 WL 1600823 (Fla. Apr. 21, 2016) (transferring mandamus petition to the district court); Kendrick v. Jones, No. SC16-524, 2016 WL 1183763 (Fla. Mar. 24, 2016) (transferring habeas petition to the circuit court); Kendrick v. State, No. SC15-2118, 2016 WL 374448 (Fla. Jan 28, 2016) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. State, 192 So. 3d 38 (Fla. 2015) (table) (denying mandamus petition); Kendrick v. State, 192 So. 3d 38 (Fla. 2015) (table) (denying mandamus petition); Kendrick v. State, 192 So. 3d 38 (Fla. 2015) (table) (dismissing mandamus petition); Kendrick v. State, No. SC15-1637 (Fla. Oct. 22, 2015) (transferring mandamus petition to the circuit court); Kendrick v. State, No. SC15-1572 (Fla. Oct. 16, 2015) (transferring mandamus petition to the

Kendrick's petition in this case was no exception. The petition was another

challenge to his conviction and sentence, filed almost seven years after they

became final. We simultaneously dismissed Kendrick's petition in this case and

district court); Kendrick v. State, 173 So. 3d 963 (Fla. 2015) (table) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. Jones, 171 So. 3d 117 (Fla. 2015) (table) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. James B. Nutter & Co., 163 So. 3d 510 (Fla. 2015) (table) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. Crews, No. SC14-1571 (Fla. Sept. 22, 2014) (transferring mandamus petition to the circuit court); Kendrick v. James B. Nutter & Co., 157 So. 3d 1045 (Fla. 2014) (table) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. State, No. SC14-1384 (Fla. Aug. 13, 2014) (transferring mandamus petition to the circuit court); Kendrick v. Crews, 147 So. 3d 524 (Fla. 2014) (table) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. Crews, No. SC14-1041 (Fla. June 6, 2014) (transferring habeas petition to the circuit court); Kendrick v. State, 145 So. 3d 825 (Fla. 2014) (table) (dismissing mandamus petition); Kendrick v. State, 143 So. 3d 919 (Fla. 2014) (table) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. State, No. SC14-65 (Fla. Mar. 17, 2014) (transferring mandamus petition to the district court); Kendrick v. Crews, No. SC14-249 (Fla. Mar. 12, 2014) (transferring habeas petition to the circuit court); Kendrick v. State, No. SC13-1422 (Fla. Dec. 16, 2013) (transferring mandamus petition to the district court); Kendrick v. Crews, No. SC13-1398 (Fla. Nov. 27, 2013) (transferring habeas petition to the circuit court); Kendrick v. State, 120 So. 3d 560 (Fla. 2013) (table) (dismissing mandamus petition); Kendrick v. State, 110 So. 3d 440 (Fla. 2013) (table) (dismissing notice to invoke discretionary jurisdiction); Kendrick v. State, 70 So. 3d 587 (Fla. 2011) (table) (dismissing mandamus petition); Kendrick v. Buss, 64 So. 3d 1260 (Fla. 2011) (table) (denying notice to invoke discretionary jurisdiction); Kendrick v. State, 64 So. 3d 679 (Fla. 2011) (table) (dismissing mandamus petition); Kendrick v. State, No. SC11-660 (Fla. Apr. 13, 2011) (transferring mandamus petition to the district court); Kendrick v. State, No. SC11-336 (Fla. Feb. 23, 2011) (transferring mandamus petition to the district court); Kendrick v. State, No. SC10-1046 (Fla. Aug. 11, 2010) (transferring mandamus petition to the circuit court); Kendrick v. McNeil, No. SC09-2324 (Fla. Feb. 17, 2010) (transferring habeas petition to the district court); Kendrick v. State, 944 So. 2d 345 (Fla. 2006) (table) (denying notice to invoke discretionary jurisdiction).

ordered him to show cause why he should not be barred from filing further pro se documents here. He did not respond to the Court's order, but instead chose to file yet another meritless notice to invoke this Court's discretionary jurisdiction, which was dismissed for lack of jurisdiction. See Kendrick v. State, No. SC17-1232, 2017 WL 2829191 (Fla. June 30, 2017). Therefore, based on Kendrick's extensive history of meritless pro se filings in this Court, most of which have challenged his conviction and sentence, we now find that he has abused the Court's limited judicial resources. See Pettway v. McNeil, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Kendrick will continue to burden this Court's resources.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Michael A. Kendrick that concern circuit court case number 292005CF013532000AHC, unless such filings are signed by a member in good standing of The Florida Bar. Henceforth, Kendrick may only petition the Court about his conviction and sentence in case number 292005CF013532000AHC through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good

faith. Additionally, we find the petition filed in this case by Kendrick is a frivolous proceeding filed by a state prisoner. See § 944.279(1), Fla. Stat. (2017). Consistent with section 944.279(1), Florida Statutes (2017), we direct the Clerk of this Court to forward a certified copy of this opinion to the Department of Corrections' institution or facility where Kendrick is incarcerated. See Steele v. State, 14 So. 3d 221, 224 (Fla. 2009).

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

Original Proceeding – Habeas Corpus

Michael A. Kendrick, pro se, Raiford, Florida,

for Petitioner

No appearance for Respondent