987 So.2d 20 (2008)
John E. PETTWAY, Petitioner,
v.
Walter A. McNEIL, etc., Respondent.
No. SC07-2012.
Supreme Court of Florida.
May 22, 2008.
Rehearing Dismissed July 17, 2008.
John Everett Pettway, pro se, Raiford, FL, for Petitioner.
PER CURIAM.
John E. Pettway, an inmate in state custody, filed a pro se petition for writ of habeas corpus.[1] For several years Pettway has been seeking, in vain, relief from alleged illegal sentences imposed by the Sixth Judicial Circuit in and for Pasco County, Florida in Case No. 92-3445CFAES. Pettway's instant petition also seeks relief from an alleged illegal sentence.
According to Pettway's petition, he was tried by a jury and convicted on one count of burglary and two counts of lewd and lascivious assault on a child less than sixteen years old. On July 13, 1993, the trial court sentenced Pettway to a term of life imprisonment for the burglary conviction and concurrent terms of fifteen years' imprisonment for the lewd and lascivious assault convictions. On December 9, 1994, the Second District Court of Appeal, per curiam, affirmed the trial court's judgments of guilt and sentences. See Pettway v. State, 650 So.2d 1000 (Fla. 2d DCA 1994) (table).
Since Pettway's convictions and sentences became final, he has filed numerous petitions in this and other courts. The Second District Court of Appeal has previously barred Pettway from filing any petitions for extraordinary writ relief related to his convictions and sentences unless such requests for relief are signed by a member in good standing of The Florida Bar. See Pettway v. State, 725 So.2d 428 (Fla. 2d DCA 1999), review denied, 735 So.2d 1286 (Fla.1999).
In March 2000, we transferred Pettway's pro se petition that alleged ineffective assistance of appellate counsel to the Second District Court of Appeal. In April 2000, the clerk of court for the district *21 court informed Pettway by letter that the petition transferred by this Court would not be considered based on the order issued in Pettway, 725 So.2d 428. Afterward, Pettway moved this Court to enforce our previous transfer order, which we denied by written opinion. See Pettway v. State, 776 So.2d 930 (Fla.2000). In Pettway, we concluded that "this Court will generally not consider the repetitive petitions of persons who have abused the judicial processes of the lower courts such that they have been barred from filing certain actions there. We deny Pettway's motion to enforce the transfer order." Id. at 931. Since that opinion issued, Pettway has filed numerous other filings in this Court, which are outlined below.
On October 8, 2007, Pettway filed the instant petition; he also filed a supplement to the petition on or about January 29, 2008. After considering the petition, on February 15, 2008, the Court issued an order denying Pettway's petition in this case as procedurally barred. In so doing, the Court expressly retained jurisdiction to pursue possible sanctions against Pettway. On the same day, the Court ordered Pettway to show cause why the Clerk of this Court should not be directed to reject any future pleadings, petitions, motions, letters, documents, or other filings submitted to this Court by him relating to his convictions and sentences in Case No. 92-3445CFAES.
In his response to the order to show cause, Pettway argues that the Court should refrain from barring him for several reasons. First, he argues that even if the State argued that his illegal sentence claim is successive or procedurally barred, the Court can readily recognize this as a meritorious claim. Second, he maintains that the sentencing guidelines scoresheet was badly miscalculated. Third, he contends that but for the scoresheet miscalculation he would have been eligible for sentencing of a duration less than the life imprisonment sentence that he received. Fourth, he requests that this Court invite the State to refute the merits of his illegal sentence claim. Fifth, he expresses regret for any misuse of the Court's limited judicial resources; nonetheless, he urges the Court to grant him due consideration on his illegal sentence claim. Finally, he asserts that manifest injustice will persist if this Court permits his present life sentence to stand.
Since 1995, Pettway has initiated twenty separate proceedings in this Court, including this petition, involving his convictions and sentences entered by the Sixth Judicial Circuit Court in and for Pasco County, Florida, in Case No. 92-3445CFAES. The Court has never granted Pettway the relief he has requested. See Pettway v. State, No. SC07-1559 (Fla. Aug. 20, 2007) (notice of appeal transferred); Pettway v. State, 962 So.2d 337 (Fla.2007) (petition for writ of mandamus denied); Pettway v. State, No. SC05-1162 (Fla. Jun. 16, 2005) (notice of appeal transferred); Pettway v. State, 895 So.2d 1067 (Fla.2005) (table) (petition for writ of mandamus denied in part, dismissed without prejudice in part); Pettway v. Crosby, 895 So.2d 406 (Fla. 2005) (petition for writ of habeas corpus denied); Pettway v. State, 895 So.2d 406 (Fla.2005) (table) (petition for writ of mandamus dismissed as moot); Pettway v. State, No. SC01-1044 (Fla. May 9, 2001) (petition for writ of habeas corpus transferred as a petition for belated appeal); Pettway v. State, 776 So.2d 930 (Fla.2000) (denying a motion to enforce the Court's previous transfer order); Pettway v. State, 776 So.2d 276 (Fla.2000) (table) (review denied); Pettway v. Moore, 761 So.2d 330 (Fla.1999) (table) (petition for writ of habeas corpus denied); Pettway v. Moore, 740 So.2d 528 (Fla.1999) (table) (petition for writ of habeas corpus denied); Pettway v. *22 State, 735 So.2d 1286 (Fla.1999) (table) (review denied); Pettway v. State, 729 So.2d 393 (Fla.1999) (table) (notice to invoke discretionary jurisdiction dismissed for lack of jurisdiction); Pettway v. Singletary, 697 So.2d 511 (Fla.1997) (table) (petition for writ of habeas corpus denied); Pettway v. State, 670 So.2d 939 (Fla.1996) (table) (notice to invoke discretionary jurisdiction dismissed for lack of jurisdiction); Pettway v. Singletary, 669 So.2d 251 (Fla.1996) (table) (petition for writ of habeas corpus denied); Pettway v. Singletary, 664 So.2d 249 (Fla.1995) (table) (notice to invoke discretionary jurisdiction dismissed for lack of jurisdiction); Pettway v. Singletary, 664 So.2d 249 (Fla.1995) (table) (notice to invoke discretionary jurisdiction dismissed for lack of jurisdiction); Pettway v. State, 659 So.2d 1088 (Fla.1995) (table) (notice to invoke discretionary jurisdiction dismissed for lack of jurisdiction).
These petitions were either, like the instant petition, devoid of merit or inappropriate for review in this Court. Pettway's response to this Court's order to show cause leaves considerable doubt that his asserted remorse about misusing the limited judicial resources is sincere. Pettway's renewed assertion that his illegal sentence claim must be addressed here is contrary to our determination that the claim is procedurally barred. There is a strong inference that unless he is stopped, Pettway will continue filing nonmeritorious requests for relief in this Court regarding his illegal sentence claim. Thus, we conclude that Pettway has failed to show cause why he should not be sanctioned.
This Court and the United States Supreme Court have, when deemed necessary, exercised the inherent judicial authority to sanction an abusive litigant. See, e.g., Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992); In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); Tate v. McNeil, 983 So.2d 502 (Fla. 2008); Sibley v. Fla. Jud. Qual. Comm'n, 973 So.2d 425 (Fla.2006); Lanier v. State, 908 So.2d 332 (Fla.2005); Jean v. State, 906 So.2d 1055 (Fla.2005); Armstead v. State, 817 So.2d 841 (Fla.2002); Peterson v. State, 817 So.2d 838 (Fla.2002); Jackson v. Fla. Dep't of Corr., 790 So.2d 398 (Fla.2001); Rivera v. State, 728 So.2d 1165 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216 (Fla.1995).
One justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings. See Martin, 506 U.S. at 3, 113 S.Ct. 397 (imposing sanction where petitioner's filings for certiorari review had a deleterious effect on the Court's fair allocation of judicial resources); see also Peterson, 817 So.2d at 840 ("This Court has a responsibility to ensure every citizen's right of access to the courts.... A limitation on [the petitioner's] ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others.").
As noted by the United States Supreme Court, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. at 184, 109 S.Ct. 993.
Upon a thorough review of Pettway's filings in this Court, we conclude that Pettway has abused the processes of the Court and has hindered the ability of this Court to properly resolve those matters that are *23 properly before it. We conclude that sanctions are merited on this record.
Accordingly, in order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by John E. Pettway that are related to his conviction and sentence in Case No. 92-3445CFAES, unless signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Pettway is not being denied access to the courts. He may petition the Court about his conviction and sentence in Case No. 92-3445CFAES through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith. However, Pettway's abusive pro se filings relating to his conviction and sentence must immediately come to an end.
Further, if Pettway submits any more filings that violate this order, he may be subjected to further appropriate sanctions, including but not limited to, the Clerk of this Court forwarding a certified copy of this Court's finding that Pettway's filings are frivolous or malicious to the appropriate Florida Department of Corrections institution or facility pursuant to section 944.279(1), Florida Statutes (2007).
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.