# Supreme Court of Florida

_____

No. SC19-287
_____

**DONALD A. WILLIAMS,**
Petitioner,

vs.

**MARK S. INCH, etc.,**
Respondent.

August 29, 2019

PER CURIAM.

This case is before the Court on the petition of Donald A. Williams for a writ of habeas corpus. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const. On May 10, 2019, we denied the instant petition, expressly retained jurisdiction, and ordered Williams to show cause why he should not be barred from filing further pro se pleadings in this Court related to circuit court case number 131989CF0067160001XX. *Williams v. Inch*, No. SC19-287, 2019 WL 2063597 (Fla. May 10, 2019); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find that Williams has failed to show cause why he should not be barred, and we sanction him as set forth below.

Williams pled guilty to one count of second-degree murder in Eleventh Judicial Circuit (Miami-Dade County) case number 131989CF0067160001XX; he was sentenced to sixteen years' imprisonment.[1] Since 2013, Williams has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court related to case number 131989CF0067160001XX. Including the petition in the instant case, Williams has filed eleven pro se petitions with this Court.[2] The Court has disposed of ten of these filings to date, not including the petition in this case. The Court has never granted Williams the relief sought in any of his filings here. Each of the ten petitions and notices was denied, dismissed, or transferred to another court for consideration; his petition in this case is no exception.

Williams filed the instant petition for writ of habeas corpus on February 15, 2019. The Court denied the petition on May 10, 2019. In doing so, we expressly retained jurisdiction to pursue possible sanctions against Williams. On the same day, we ordered Williams to show cause why the Clerk of this Court should not be directed to reject any future pleadings, petitions, motions, letters, documents, or

---

1. Petitioner has completed his sixteen-year sentence on the second-degree murder charge; however, he is currently serving a life sentence for numerous convictions from 2002, also in the Eleventh Judicial Circuit.

2. *See Williams v. Inch*, No. SC19-287, 2019 WL 2063597 (Fla. May 10, 2019).

other filings submitted to this Court by him related to case number 131989CF0067160001XX. The Court also directed Williams to show cause why, pursuant to section 944.279(1), Florida Statutes (2018), a certified copy of the Court's findings should not be forwarded to the appropriate institution for disciplinary procedures pursuant to the rules of the Florida Department of Corrections. Williams filed a response to the Court's order. In it, Williams asserts that he is unsophisticated in the practice of law and, therefore, "cannot be held accountable for allowing a law clerk to file his motion with this Court when that's [his] only resolution or option to be heard." Williams' filing does not contain any justification for his continued abuse of the Court's limited resources by filing numerous meritless pro se notices and petitions.

Upon consideration of Williams' response, we find that his arguments are without merit and that he has failed to show cause why sanctions should not be imposed. Therefore, based on Williams' extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their

legitimate filings"). If no action is taken, Williams will continue to burden the Court's resources. We further conclude that Williams' habeas petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2018).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Donald A. Williams that are related to case number 131989CF0067160001XX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Williams' petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2018), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Williams is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

Original Proceeding – Habeas Corpus

Donald A. Williams, pro se, Monticello, Florida,

for Petitioner

No appearance for Respondent