# Supreme Court of Florida

_____

No. SC19-1071
_____

**JAY BARRINGER,**
Petitioner,

vs.

**MICHAEL HALKITIS,**
Respondent.

May 7, 2020

PER CURIAM.

This case is before the Court on the petition of Jay Barringer for a writ of quo warranto. We have jurisdiction. *See* art. V, § 3(b)(8), Fla. Const. On November 21, 2019, we denied the instant petition, expressly retained jurisdiction, and ordered Barringer to show cause why he should not be barred from filing further pro se pleadings in this Court related to circuit court case number 512000CF001041CFAXWS. *Barringer v. Halkitis*, No. SC19-1071, 2019 WL 6248176 (Fla. Nov. 21, 2019); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find that Barringer has failed to show cause why he should not be barred, and we sanction him as set forth below.

Barringer was convicted of one count of attempted sexual battery of a victim less than twelve years old in Sixth Judicial Circuit (Pasco County) case number 512000CF001041CFAXWS; he was sentenced to twenty-five-years' imprisonment.

Barringer began filing petitions with the Court in 2011. Since that time, he has filed twelve petitions or notices,[1] and the majority of these filings have been related to his conviction and sentence in the above-noted circuit court case. We have never granted the relief sought in any of Barringer's filings, which have all been denied, dismissed, or transferred by the Court. The quo warranto petition in this case was no exception. Barringer challenged his conviction on the ground that the information was defective, a claim that he previously raised in this Court by way of a habeas petition in Case No. SC18-702; we dismissed that petition as unauthorized pursuant to *Baker v. State*, 878 So. 2d 1236 (Fla. 2004). *See Barringer v. Jones*, No. SC18-702, 2018 WL 3239260 (Fla. July 3, 2018). On November 21, 2019, we denied the instant quo warranto petition and directed Barringer to show cause why he should not be barred from filing any further pro se requests for relief and why, pursuant to section 944.279(1), Florida Statutes (2019),

---

1. *See Barringer v. Halkitis*, No. SC19-1071, 2019 WL 6248176 (Fla. Nov. 21, 2019); *Barringer v. State*, No. SC19-1234, 2019 WL 6242724 (Fla. Nov. 21, 2019).

a certified copy of the Court's findings should not be forwarded to the appropriate institution for disciplinary procedures pursuant to the rules of the Florida Department of Corrections. Barringer filed a response to the Court's order in which he argues that sanctions would be improper because this Court has never addressed the merits of his claim. He further asserts that an incarcerated pro se litigant should not be prohibited from "further attacking his conviction, sentence, judgment, and conditions of confinement."

Upon consideration of Barringer's response, we find that his arguments are without merit and that he has failed to show cause why sanctions should not be imposed. Therefore, based on Barringer's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Barringer will continue to burden the Court's resources. We further conclude that Barringer's quo warranto petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Jay Barringer that are related to case number 12000CF001041CFAXWS, unless such filings are signed by a member of The Florida Bar in good standing. Furthermore, because we have found Barringer's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes, to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Barringer is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

Original Proceeding – Quo Warranto

Jay Barringer, pro se, Madison, Florida,

for Petitioner

No appearance for Respondent