# Supreme Court of Florida

------------

No. SC21-860

------------

**THADDEUS C. MARTIN,**
Petitioner,

v.

**RICKY D. DIXON, etc.,**
Respondent.

December 2, 2021

PER CURIAM.

This case is before the Court on the petition of Thaddeus C. Martin for a writ of habeas corpus. We have jurisdiction.[1] On August 25, 2021, we dismissed the instant petition and expressly retained jurisdiction to pursue possible sanctions against Martin. *Martin v. Inch*, No. SC21-860, 2021 WL 3771832 (Fla. Aug. 25, 2021); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find that Martin has failed to show cause why he should not be

------------

1. *See* art. V, § 3(b)(9), Fla. Const.

barred from filing any further pro se requests for relief, and we sanction him as set forth below.

Martin was convicted in the Eleventh Judicial Circuit (Miami-Dade County) of one count of false imprisonment and one count of aggravated battery in case number 132012CF0300620001XX. *See Martin v. State*, 298 So. 3d 1228, 1230 (Fla. 3d DCA 2020).

Martin began filing petitions in this Court in 2018. Since that time, he has filed sixteen petitions with the Court, including the petition in this case. We have never granted the relief sought in any of Martin's filings, which have either been denied, dismissed, or transferred by the Court. The petition for writ of habeas corpus in this case was no exception. Martin argued that the Florida Department of Corrections failed to credit him for all of his time served and as a result miscalculated his release date, a claim he previously raised by way of habeas corpus petitions in case numbers SC20-1752 and SC21-603, which were both transferred to the Second Judicial Circuit, in and for Leon County, Florida. On August 25, 2021, we dismissed the instant petition as a repetitve claim. *See Martin*, No. SC21-860, 2021 WL 3771832.

Therefore, based on Martin's history of filing pro se petitions and requests for relief that are meritless or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). Martin did not respond to the order to show cause, thus failing to offer any justification for his repeated misuse of this Court's resources. We are therefore convinced that if not restrained, Martin will continue to abuse the judicial process and burden this Court (and thereby harm other litigants) with frivolous and meritless filings pertaining to circuit court case number 132012CF0300620001XX.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Thaddeus C. Martin that pertain to circuit court case number 132012CF0300620001XX, unless such filings are signed by a member in good standing of The Florida Bar. Henceforth, Martin

may only petition the Court about his convictions or sentences in case number 132012CF0300620001XX through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

Original Proceeding – Habeas Corpus

Thaddeus C. Martin, pro se, Raiford, Florida,

for Petitioner

No appearance for Respondent