# Supreme Court of Florida

No. SC21-1190

**SAMUEL RIVERA,**
Petitioner,

vs.

**RICKY D. DIXON, etc.,**
Respondent.

March 24, 2022

PER CURIAM.

Samuel Rivera, an inmate in state custody, filed a pro se petition with this Court seeking a declaratory judgment, which we treated as a petition for writ of habeas corpus.[1] On December 13, 2021, we dismissed the instant petition and expressly retained jurisdiction to pursue possible sanctions against Rivera. *Rivera v. Dixon*, No. SC21-1190, 2021 WL 5875469 (Fla. Dec. 13, 2021); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find

---

1. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const.

that Rivera has failed to show cause why he should not be barred, and we sanction him as set forth below.

Rivera was convicted in Eleventh Judicial Circuit (Miami-Dade County) case number 131985CF0250370001XX of one count of first-degree murder and one count of robbery with a gun or deadly weapon, for which he was sentenced to life imprisonment and 134 years' imprisonment, respectively. On direct appeal, his sentence of 134 years for robbery was reversed and remanded, and he was resentenced to 22 years' imprisonment. *See Rivera v. State*, 526 So. 2d 1046 (Fla. 3d DCA 1988). Since 2009, Rivera has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court related to case number 131985CF0250370001XX.

Including the petition in the instant case, Rivera has filed sixteen pro se petitions with this Court.[2] The Court has never granted Rivera the relief sought in any of his filings here; all of the petitions were dismissed or denied. His petition in this case is no exception. Rivera argued that his convictions violate double

---

2. *See Rivera v. Dixon*, No. SC21-1190, 2021 WL 5875469 (Fla. Dec. 13, 2021).

jeopardy because the trial court dismissed the indictment for count III, which he asserts is the same as counts I and II, of which he was convicted. On December 13, 2021, we dismissed the instant petition as unauthorized pursuant to *Baker v. State*, 878 So. 2d 1236 (Fla. 2004).

In response to this Court's show cause order, Rivera maintains that his convictions are a violation of double jeopardy. Rivera asserts that before this Court takes any action sanctioning him, the Court should first look at all the facts and circumstances of his convictions and sentence. He then argues the merits of what he believes were errors that occurred during his arrest, indictment, and jury trial.

Upon consideration of Rivera's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Rivera's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction

an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Rivera will continue to burden the Court's resources. We further conclude that Rivera's habeas petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2021).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Samuel Rivera that are related to case number 131985CF0250370001XX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Rivera's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2021), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Rivera is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

Original Proceeding – Habeas Corpus

Samuel Rivera, pro se, Florida City, Florida,

   for Petitioner

No appearance for Respondent