# Supreme Court of Florida

––––––––––

No. SC22-654

––––––––––

**ARSENIO STEWART,**
Petitioner,

vs.

**RICKY D. DIXON, etc.,**
Respondent.

December 1, 2022

PER CURIAM.

This case is before the Court on the petition of Arsenio Stewart for a writ of habeas corpus. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const. By order dated August 10, 2022, we dismissed Stewart's petition as unauthorized pursuant to *Baker v. State*, 878 So. 2d 1236 (Fla. 2004). *Stewart v. Dixon*, No. SC22-654, 2022 WL 3221953 (Fla. Aug. 10, 2022). Concurrent with the dismissal of the petition, we expressly retained jurisdiction to pursue possible sanctions against Stewart. *Id.*; *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Stewart was convicted in the Seventh Judicial Circuit (Putnam County) on one count of gun possession by a convicted felon (case number 542013CF000126CFAXMX). He was sentenced to fifteen years' imprisonment on December 3, 2013. The Fifth District Court of Appeal per curiam affirmed the judgment and sentence on July 7, 2015. *Stewart v. State*, 171 So. 3d 738 (Fla. 5th DCA 2015) (table).

Since 2016, Stewart has filed seven petitions or notices related to his conviction and sentence in the above-noted circuit court case. We have never granted the relief sought in any of Stewart's filings, which have all been dismissed or transferred by the Court. Four of these pleadings have raised the exact same claim for relief found in the instant habeas petition, in which Stewart argued that his fifteen-year sentence is inconsistent with the terms of his plea agreement. We dismissed the petition as unauthorized and directed Stewart to show cause why he should not be barred from filing any further requests for relief and referred to the Department of Corrections for possible disciplinary action pursuant to section 944.279, Florida Statutes (2022).

Stewart filed a response to the Court's order in which he argues that sanctions would be improper because the merits of his claim have not been addressed. He further asserts that rather than prohibiting him from further pro se filings, the Court should grant relief from his allegedly illegal sentence.

Upon consideration of Stewart's response, we find that his arguments are without merit and that he has failed to show cause why sanctions should not be imposed. Therefore, based on Stewart's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Stewart will continue to burden the Court's resources. We further conclude that Stewart's habeas petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2022).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Arsenio Stewart that are related to case number 542013CF000126CFAXMX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Stewart's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2022), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Stewart is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

Original Proceeding – Habeas Corpus

Arsenio Stewart, pro se, Raiford, Florida,

for Petitioner

No appearance for Respondent