# Supreme Court of Florida

_____

No. SC22-1519

_____

**A.C., etc.,**
Petitioner,

vs.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Respondent.

February 2, 2023

PER CURIAM.

This case is before the Court on the petition of A.C. for a writ of mandamus. We have jurisdiction. *See* art. V, § 3(b)(8), Fla. Const.

Petitioner has filed forty-one pro se petitions or notices with this Court since August 29, 2022. On November 18, 2022, we denied the instant petition, expressly retained jurisdiction, and ordered Petitioner to show cause why she should not be barred from filing further pro se requests for relief in this Court related to circuit court case number 502020DP000123XXXXMB. *A.C. v. Dep't*

*of Child. & Fams.*, No. SC22-1519, 2022 WL 17076781 (Fla. Nov. 18, 2022). Petitioner requested an extension of time to file a response to the show cause order, which we granted on November 22, 2022. Since that time, Petitioner has continued to file numerous meritless pleadings in this Court, including various motions to dismiss the show cause order. In her response to the show cause order, Petitioner acknowledges she has filed numerous pleadings in this Court but argues she must challenge the lower tribunals' orders. Neither Petitioner's response nor her motions contain any justification for her continued abuse of this Court's limited resources by filing numerous meritless pro se notices and petitions. Accordingly, we now find that Petitioner has failed to show cause why she should not be sanctioned, and we outline those sanctions below.

Petitioner has demonstrated a pattern of filing meritless pro se requests for relief in this Court. Including the petition in the instant case, Petitioner has filed forty-one pro se petitions or notices with this Court since August 29, 2022.[1] Twenty-four of those cases

---

1. *See A.C. v. Dep't of Child. & Fams.*, No. SC22-1631 (Fla. Dec. 2, 2022) (notice to invoke discretionary jurisdiction dismissed);

*A.C. v. Dep't of Child. & Fams.*, No. SC22-1371 (Fla. Oct. 24, 2022) (mandamus petition dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1369 (Fla. Oct. 24, 2022) (mandamus petition dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1302 (Fla. Oct. 6, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1296 (Fla. Oct. 4, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fam.*, No. SC22-1295 (Fla. Oct. 17, 2022) (mandamus petition dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1290 (Fla. Oct. 4, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1285 (Fla. Oct. 3, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1282 (Fla. Dec. 5, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1281 (Fla. Oct. 3, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1279 (Fla. Dec. 5, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1261, 2022 WL 4533802 (Fla. Sept. 28, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1259 (Fla. Dec. 5, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1156 (Fla. Sept. 1, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1153 (Fla. Aug. 31, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1149 (Fla. Aug. 31, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1145 (Fla. Aug. 30, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1143 (Fla. Aug. 30, 2022) (notice to invoke discretionary jurisdiction dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1142 (Fla. Oct. 24, 2022) (notice to invoke discretionary jurisdiction voluntarily dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1405 (Fla. Nov. 10, 2022) (mandamus petition voluntarily dismissed); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1406 (Fla. Nov. 10, 2022) (mandamus petition voluntarily dismissed); *A.C. v. Dep't of Child. & Fams.*, No.

involved circuit court case number 502020DP000123XXXXMB. To date, the Court has disposed of thirty-three of Petitioner's cases, including five petitions that Petitioner voluntarily dismissed. This Court has never granted Petitioner the relief sought in any of her filings. Petitioner's thirty-three petitions and notices were all denied or dismissed.

Therefore, based on Petitioner's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that she has abused this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Petitioner will continue to burden this Court's resources.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Petitioner

SC22-1411 (Fla. Nov. 14, 2022) (mandamus petition voluntarily dismissed).

- 4 -

regarding circuit court case number 502020DP000123XXXXMB, unless such filings are signed by a member in good standing of The Florida Bar.

Furthermore, because Petitioner persists in filing meritless pleadings regarding other circuit court cases as well, we order Petitioner to show cause, within three (3) days of the date hereof, why she should not be barred from filing *any* pro se pleadings, motions, or other requests for relief in this Court, unless such filings are signed by a member of The Florida Bar in good standing.

Petitioner's "Writ of Mandamus," which the Court has treated as a motion for written opinion, as well as any other pending motions or requests for relief are all hereby denied.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

Original Proceeding – Mandamus

Angela Ciriello, pro se, West Palm Beach, Florida,

for Petitioner

- 5 -

Andrew Feigenbaum of the Florida Department of Children and Families, West Palm Beach, Florida,

for Respondent