# Supreme Court of Florida

----------

No. SC22-1519

----------

**A.C., etc.,**
Petitioner,

vs.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Respondent.

March 2, 2023

PER CURIAM.

This case is before the Court on the petition of A.C. for a writ of mandamus. We have jurisdiction. *See* art. V, § 3(b)(8), Fla. Const.

Petitioner has filed at least forty-three pro se petitions or notices with this Court since August 29, 2022. On November 18, 2022, we denied the instant petition, expressly retained jurisdiction, and ordered Petitioner to show cause why she should not be barred from filing further pro se requests for relief in this Court related to a dependency matter, circuit court case number

502020DP000123XXXXMB. *A.C. v. Dep't of Child. & Fams.*, No. SC22-1519, 2022 WL 17076781 (Fla. Nov. 18, 2022). Despite the Court's order to show cause, Petitioner continued to file countless meritless pleadings in this Court regarding various court matters pending in the lower tribunals. Therefore, on February 2, 2023, the Court issued an opinion barring Petitioner from filing pro se pleadings in the Court regarding the dependency matter. *A.C. v. Dep't of Child. & Fams.*, No. SC22-1519, 2023 WL 1457573 (Fla. Feb. 2, 2023). The Court also ordered Petitioner to show cause why she should not be further sanctioned and barred from filing any pro se pleadings in this Court. Petitioner filed an untimely response, which we strike as untimely. Moreover, Petitioner has continued to file meritless pleadings in the Court. Accordingly, we now find that Petitioner has failed to show cause why she should not be sanctioned, and we outline those sanctions below.

Petitioner has demonstrated a pattern of filing meritless pro se requests for relief in this Court. Including the petition in the instant case, Petitioner has filed forty-three pro se petitions or

notices with this Court since August 29, 2022.[1]  To date, the Court has disposed of all of Petitioner's cases, including five petitions that Petitioner voluntarily dismissed.  This Court has never granted Petitioner the relief sought in any of her filings.  Petitioner's petitions and notices were all denied or dismissed, except for her five most recent petitions, which are still pending.

Therefore, based on Petitioner's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that she has abused this Court's limited judicial resources.  *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings").  If no action is taken, Petitioner will continue to burden this Court's resources.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Petitioner

---

1.  *See A.C. v. Dep't of Child. & Fams.*, No. SC22-1591, 2023 WL 1457573 (Fla. Feb. 2, 2023); *A.C. v. Dep't of Child. & Fams.*, No. SC22-1775 (Fla. Feb. 9, 2023) (mandamus petition denied).

unless such filings are signed by a member in good standing of The Florida Bar.

Additionally, any pending motions or requests for relief are all hereby denied. No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

Original Proceeding – Mandamus

A.C., pro se, West Palm Beach, Florida,

for Petitioner

Andrew Feigenbaum of the Florida Department of Children and Families, West Palm Beach, Florida,

for Respondent