# Supreme Court of Florida

No. SC2022-1542

**EDWARD R. STEINER,**
Petitioner,

vs.

**RICKY D. DIXON, etc.,**
Respondent.

June 29, 2023

PER CURIAM.

Edward R. Steiner, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court.[1] We denied the petition, expressly retained jurisdiction, and directed Steiner to show cause why sanctions should not be imposed against him for his abuse of the Court's limited resources. *See Steiner v. Dixon*, 2023 WL 355492 (Fla. Jan. 23, 2023); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). Having considered his response to the show cause order, we find that Steiner has failed to show cause why

---

1. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const.

he should not be pro se barred, and we sanction him as set forth below.

Steiner was convicted in the Circuit Court of the Eighteenth Judicial Circuit (Seminole County) on two counts of kidnapping and one count of aggravated fleeing and eluding (case number 592002CF004431A000XX). In 2006, he was sentenced to life imprisonment as a Prison Releasee Reoffender on the kidnapping counts and to thirty years as a Habitual Felony Offender on the fleeing and eluding count. The Fifth District Court of Appeal per curiam affirmed the judgments and sentences in 2008. *Steiner v. State*, 987 So. 2d 92 (Fla. 5th DCA 2008) (table). In 2006, Steiner was barred from filing any further pro se pleadings in the trial court except for a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which Steiner filed in 2011 and which the trial court denied in 2012. In 2014, the Fifth District issued an order barring Steiner from filing any further pro se pleadings concerning his convictions and sentences (case number 5D13-4040).

Since 2006, Steiner has engaged in a vexatious pattern of filing meritless requests for relief in this Court pertaining to his

convictions and sentences. Including the petition in this case, Steiner has filed twenty-one petitions or notices with this Court, with seven of those petitions having been filed since 2021.[2] We have never granted Steiner the relief sought in any of his filings. Rather, we have denied, dismissed, or transferred each of his petitions. Steiner's habeas petition in this case is no exception. In the petition, Steiner repeated his argument that the circuit court's 2006 judgment and sentence and pro se barring order are void because the judge who issued them was disqualified from the case in 2005. In addition, Steiner claimed that the circuit court had violated his right to a speedy trial. He requested that his habeas petition be transferred to the circuit court with direction to accept the petition and appoint counsel. We denied the petition as an improper use of the writ of habeas corpus and directed Steiner to show cause why he should not be barred from filing any further pro se requests for relief.

In response to the show cause order, Steiner contends that this Court has consistently overlooked the merit in his filings and

_____

2. *See Steiner v. Dixon*, 2023 WL 355492 (Fla. Jan. 23, 2023).

states that he plans to retain private counsel to further litigate his claims.[3]  But if this were true, Steiner could have already retained counsel and sought relief in this Court through the normal appellate process rather than through the filing of repetitive extraordinary writ petitions.  Steiner expresses no remorse for his repeated misuse of this Court's limited judicial resources, and we are not convinced that he will in fact abandon his practice of filing meritless or wholly inappropriate pro se requests for relief.

Thus, we find that Steiner has failed to show cause why he should not be sanctioned for his abusive conduct.  Therefore, based on Steiner's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources.  *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the

---

3.  The response was treated as timely filed in light of Steiner's allegation that he did not receive the order to show cause until the day after his response was due.

rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Steiner will continue to burden the Court's resources. We further conclude that Steiner's habeas petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2022).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Edward R. Steiner that are related to case number 592002CF004431A000XX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Steiner's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2022), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Steiner is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
SASSO, J., did not participate.

Original Proceeding – Habeas Corpus

Edward R. Steiner, pro se, Live Oak, Florida,

for Petitioner

No appearance for Respondent