# Supreme Court of Florida

---

No. SC2023-0178

---

**ALVIN EUGENE HILL,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

June 29, 2023

PER CURIAM.

Alvin Eugene Hill, an inmate in state custody, filed a pro se petition for writ of prohibition with this Court challenging the trial court's rulings.[1] We denied the petition, retained jurisdiction, and directed Hill to show cause why he should not be sanctioned for his repeated misuse of our limited resources. *Hill v. State*, No. SC2023-0178, 2023 WL 2674607 (Fla. Mar. 29, 2023); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). Having failed to file a

---

1. We have jurisdiction. *See* art. V, § 3(b)(7), Fla. Const.

response, we now find that Hill has failed to show cause why he should not be barred, and we sanction him as set forth below.

Hill, who was convicted in his most recent case of possession of a controlled substance, began filing petitions with the Court in 2018. His filings pertained to several different criminal cases out of the Nineteenth Judicial Circuit Court (St. Lucie County) (Case Nos. 562021CF003103AXXXXX, 562019CF000083AXXXXX, 562021MM001588AXXXXX, and 562021CF003103AXXXXX), and a dependency case regarding his children (Case No. 562018DP000267AXXXXX). We have never granted the relief sought in any of Hill's filings, which have all been denied, dismissed, or transferred to another court for consideration; his petition in this case is no exception. Hill filed the instant prohibition petition challenging the trial court's denial of a motion and seeking to dismiss his case. Because a writ of prohibition may not be used in such a manner, we denied the petition and directed Hill to show cause why he should not be barred from filing any

further pro se requests for relief in this Court. Hill failed to file a response to the order to show cause.[2]

Therefore, based on Hill's history of filing pro se petitions and requests for relief that are meritless or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). Hill did not respond to the order to show cause,

_____

2. A copy of the show cause order was mailed to Hill's last known address on March 29, 2023, at the St. Lucie County Jail. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(2) ("Service on . . . parties who are not represented by an attorney and who are excused from e-mail service . . . must be made by delivering a copy of the document or by mailing it to the party or attorney at their last known address . . . ."). However, on April 13, 2023, the order was returned because Hill was no longer at the facility. Appearing that Hill was transferred to Florida Department of Corrections (FDOC) custody, the order was sent to FDOC on April 14, 2023. The order was again returned, this time because Hill had an "inactive account." A review of the FDOC online offender database revealed that Hill was released from FDOC custody on April 14, 2023. To date, Hill has not provided the Court an updated mailing address.

- 3 -

thus failing to offer any justification for his repeated misuse of this Court's resources. We are therefore convinced that if not restrained, Hill will continue to abuse the judicial process and burden this Court (and thereby harm other litigants) with frivolous and meritless filings.

Accordingly, we direct the Clerk of this Court to reject any future pleadings, filings, papers, or other requests for relief submitted by Alvin Eugene Hill, unless they are signed by a member in good standing of The Florida Bar. Henceforth, Hill may only petition the Court through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Prohibition

Alvin Eugene Hill, pro se, Fort Pierce, Florida,

for Petitioner

No appearance for Respondent