# Supreme Court of Florida

---

No. SC2023-0268

---

**KEITH L. CALVIN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

September 7, 2023

PER CURIAM.

Keith L. Calvin, an inmate in state custody, filed a pro se petition with this Court seeking a writ of mandamus.[1] On April 27, 2023, we dismissed the instant petition, expressly retained jurisdiction to pursue possible sanctions against Calvin, and directed Calvin to show cause why he should not be sanctioned for his repeated misuse of this Court's limited resources. *Calvin v. State*, No. SC2023-0268, 2023 WL 3117265 (Fla. Apr. 27, 2023); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now

---

1. We have jurisdiction. *See* art. V, § 3(b)(8), Fla. Const.

find that Calvin has failed to show cause why he should not be barred, and we sanction him as set forth below.

Calvin was convicted of second-degree murder in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, case number 422004CF000536CFAXXX, and was sentenced as a habitual violent felony offender to life imprisonment on September 12, 2006. On October 30, 2007, the Fifth District Court of Appeal per curiam affirmed Calvin's conviction and sentence. *Calvin v. State*, 969 So. 2d 1036 (Fla. 5th DCA 2007) (table). A corrected judgment of conviction and sentence was entered on March 23, 2009.

Since 2009, Calvin has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court related to case number 422004CF000536CFAXXX. Including the petition in the instant case, Calvin has filed eight pro se petitions with this Court.[2] The Court has never granted Calvin the relief sought in any of his filings here; all the petitions were dismissed or denied, with

---

2. *See Calvin v. State,* No. SC2023-0268, 2023 WL 3117265 *1 (Fla. Apr. 27, 2023).

the exception of one that was transferred.  His petition in this case is no exception.  Calvin reasserted his previously raised claim that the State was barred from prosecuting the charge against him because the applicable statute of limitations in effect at the time of his crime had expired.[3]  On April 27, 2023, we denied the instant petition and directed Calvin to show cause why he should not be barred from filing any further pro se requests for relief in this Court.

In response to this Court's show cause order, Calvin maintains that his conviction is unlawful, and that he has a constitutional right to merits review by this Court of his underlying claim.

Upon consideration of Calvin's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Calvin's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise

---

3.  Calvin raised essentially the same claim in habeas petitions previously filed in the Court, including case numbers SC2020-0430 (*Baker* dismissal), SC2017-0351 (*Pettway* dismissal), SC2015-1955 (*Baker* dismissal), and SC2014-1464 (*Baker* dismissal), as well as in a petition to invoke the Court's all writs jurisdiction (case number SC2012-2228; denied for lack of jurisdiction).

inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Calvin will continue to burden the Court's resources. We further conclude that Calvin's mandamus petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2022).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Keith L. Calvin that are related to case number 422004CF000536CFAXXX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Calvin's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2022), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Calvin is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, FRANCIS, and SASSO, JJ., concur.
COURIEL and GROSSHANS, JJ., dissent.

Original Proceeding – Mandamus

Keith L. Calvin, pro se, Milton, Florida,

    for Petitioner

No appearance for Respondent