# Supreme Court of Florida

––––––––––

No. SC2023-1640

––––––––––

**REGINALD SCOTT WALTER,**
Petitioner,

vs.

**DEPT. OF CORRECTIONS SECRETARY,**
Respondent.

May 30, 2024

PER CURIAM.

Reginald Scott Walter, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court.[1] We denied the petition, expressly retained jurisdiction, and directed Walter to show cause why sanctions should not be imposed against him for his abuse of the Court's limited resources. *See Walter v. Dept. of Corr. Sec'y*, 2024 WL 1132748 (Fla. Mar. 14, 2024); Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). Having considered his response to the show cause order, we find that Walter has failed to

––––––––––

1. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const.

show cause why he should not be pro se barred, and we sanction him as set forth below.

Walter was convicted in the Circuit Court of the Tenth Judicial Circuit (Polk County) on two counts of attempted first-degree murder and one count of armed burglary (case number 531999CF002889A0XXXX). He was sentenced in 2000 to thirty years' imprisonment on each count. The Second District Court of Appeal per curiam affirmed the judgments and sentences in 2001. *Walter v. State*, 783 So. 2d 1069 (Fla. 2d DCA 2001) (table).

Walter began filing petitions with this Court in 2014. To date, Walter has filed eight petitions for writ of habeas corpus and two petitions for writ of mandamus, all pertaining to his convictions and sentences in case number 531999CF002889A0XXXX. We have never granted Walter the relief sought in any of his filings. Rather, we have denied, dismissed, or transferred each of his petitions. Walter's habeas petition in this case is no exception. In the petition, Walter claimed that the evidence against him was insufficient to support his convictions, which was identical to the claims raised in his two previous habeas petitions. We therefore denied the petition as successive and directed Walter to show cause

why he should not be barred from filing any further pro se requests for relief.

Walter filed a response in which he repeated much of the argument found in his petition and asserted that he has a constitutional right of access to courts and equal protection under the law. He failed to acknowledge the frivolous nature of his repeated filings and expressed no remorse for his repeated misuse of this Court's limited judicial resources. Upon consideration of Walter's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Walter's history of filing multiple pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). It is apparent that if no action is taken, Walter will continue to burden the Court's resources. We further conclude that

Walter's habeas petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2023).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Reginald Scott Walter that are related to case number 531999CF002889A0XXXX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we find Walter's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2023), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Walter is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Habeas Corpus

Reginald Scott Walter, pro se, Florida City, Florida,

for Petitioner

No appearance for Respondent