# Supreme Court of Florida

---

No. SC2024-0138

---

**DAVEN O. BOWDEN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

June 13, 2024

PER CURIAM.

Daven O. Bowden, a pre-trial detainee, filed a pro se "Emergency Petition for Writ of Mandamus," seeking relief in his pending case.[1]  We dismissed the petition, retained jurisdiction, and directed Bowden to show cause why he should not be sanctioned for his repeated misuse of our limited resources.  *Bowden v. State,* 2024 WL 1433164 (Fla. Apr. 2, 2024); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).  After considering Bowden's response,

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(8), Fla. Const.

we now find that Bowden has failed to show cause why he should not be barred, and we sanction him as set forth below.

Bowden began filing petitions with the Court in 2007. He has filed over 28 petitions, which pertained to several different criminal cases.[2] We have never granted the relief sought in any of Bowden's filings, which have all been denied, dismissed, or transferred to another court for consideration. This petition is no exception. Bowden filed this mandamus petition seeking to discharge counsel and proceed pro se in Okaloosa County case number 462023CF001998XXXAFX and to have his trial judge disqualified. Bowden had previously filed petitions requesting the same relief, which this Court transferred to the trial court for consideration. Because the Court determined that it would be a waste of judicial resources to transfer this petition to the same court again, we

---

2. Across his numerous petitions, Bowden has cited seven different lower court case numbers, including: Fourteenth Judicial Circuit Court (Washington County) case numbers 672017CF000298CFAXMX, 672000CF000124CFAXMX, 672000CF000125CFAXMX, 672011CF000094CFAXMX, and 672011CF000085CFAXMX; Eighteenth Judicial Circuit (Brevard County) case number 052018CF055324AXXXXX; and First Judicial Circuit (Okaloosa County) case number 462023CF001998XXXAFX.

dismissed the petition. However, we expressly retained jurisdiction for the consideration of sanctions and directed Bowden to show cause why he should not be barred from filing any further pro se requests for relief in this Court.

Bowden filed a response, in which he asserts that he has a constitutional right to access this Court at any time. He also claims that his petitions have been meritorious and denies that he has abused his right to file pleadings in this Court. Upon consideration of Bowden's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Bowden's history of filing pro se petitions and requests for relief that are meritless or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). Bowden refuses to acknowledge his repeated misuse of this Court's resources. We are therefore convinced that if not restrained,

Bowden will continue to abuse the judicial process and burden this Court (and thereby harm other litigants) with frivolous and meritless filings.

Accordingly, we direct the Clerk of this Court to reject any future pleadings, filings, papers, or other requests for relief submitted by Daven O. Bowden, unless they are signed by a member in good standing of The Florida Bar. Henceforth, Bowden may only petition the Court through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Mandamus

Daven O. Bowden, pro se, Crestview, Florida,

for Petitioner

No appearance for Respondent