# Supreme Court of Florida

---

No. SC2024-1315

---

**CHARLENE ROSA,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

February 13, 2025

PER CURIAM.

Charlene Rosa, an inmate in state custody, filed a pro se petition to invoke this Court's all writs jurisdiction.[1] On November 25, 2024, we dismissed the instant petition and expressly retained jurisdiction to pursue possible sanctions against Rosa. *Rosa v. State*, 2024 WL 4880351 (Fla. Nov. 25, 2024); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find that Rosa has failed to show cause why she should not be barred, and we sanction her as set forth below.

---

1. We have jurisdiction. *See* art. V, § 3(b)(7), Fla. Const.

Rosa was convicted in the Circuit Court of the Seventeenth Judicial Circuit (Broward County) of first-degree murder in case number 062004CF010827A88810. She was sentenced to life imprisonment without the possibility of parole on July 5, 2007. The Fourth District Court of Appeal affirmed the conviction and sentence in an authored opinion on January 27, 2010. *Rosa v. State*, 27 So. 3d 718 (Fla. 4th DCA 2010). Since being sentenced in 2007, Rosa has demonstrated a pattern of vexatious filing of meritless pro se requests for relief related to case number 062004CF010827A88810. Rosa has also sought relief related to case number 062005CF014414A88810 despite that case having been nolle prossed in June of 2007. In 2019, the Fourth District Court of Appeal issued an order barring Petitioner from filing any further pro se pleadings. *Rosa v. State*, No. 4D19-2004 (Fla. 4th DCA Oct. 11, 2019). And on March 5, 2024, the trial court issued an order barring Petitioner from filing further pro se pleadings in case numbers 062004CF010827A88810 and 062005CF014414A88810.

Including the petition in the instant case, Rosa has filed fifteen pro se petitions with this Court since 2011.[2] The Court has never granted Rosa the relief sought in any of her filings here; each of the petitions was dismissed, denied, or transferred. Her petition in this case is no exception. Rosa challenged her conviction and sentence on grounds of trial court error and ineffective assistance of counsel. She indicated that these claims had been raised without success in previous postconviction challenges below, and she conceded that she has been barred from filing further pro se pleadings by both the circuit court and the Fourth District. The Court dismissed the petition and directed Rosa to show cause why she should not be barred from filing any further pro se requests for relief and referred to the Department of Corrections for possible disciplinary action pursuant to section 944.279(1), Florida Statutes (2024).

In response to this Court's show cause order, Rosa repeats much of the argument found in her petition. She asserts that she has been seeking relief from injustice for nineteen years and thus all her pleadings had merit. Rosa fails to acknowledge the frivolous

---

2. *See Rosa v. State*, 2024 WL 4880351 (Fla. Nov. 25, 2024).

nature of her repeated filings and expresses no remorse for her repeated misuse of this Court's limited judicial resources. In fact, Rosa contends she should not be sanctioned by this Court in order to prevent a gross miscarriage of justice.

Upon consideration of Rosa's response, we find that she has failed to show cause why sanctions should not be imposed. Therefore, based on Rosa's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that she has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Rosa will continue to burden the Court's resources. We further conclude that Rosa's all writs petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Charlene Rosa that are related to case numbers 062004CF010827A88810 and 062005CF014414A88810, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Rosa's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes, to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Rosa is incarcerated.

No motion for rehearing or clarification will be considered by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – All Writs

Charlene Rosa, pro se, Ocala, Florida,

for Petitioner

No appearance for Respondent