# Supreme Court of Florida

No. SC2025-1811

**ARMANDO ARCE,**
Petitioner,

vs.

**CHIEF JUDGE TIMOTHY D. OSTERHAUS,**
Respondent.

April 23, 2026

PER CURIAM.

Armando Arce, a pro se litigant, filed in the First District Court of Appeal a petition for writ of mandamus and two motions to stay, all of which were transferred to this Court. The petition and motions raised issues concerning two domestic relations cases litigated in the First Judicial Circuit (Okaloosa County) in case numbers 462023DR002903CXXXXX and 462023DR004081CXXXXX.[1]

In the mandamus petition, Arce sought an order compelling

---

1. We have jurisdiction. *See* art. V, § 3(b)(8), Fla. Const.

Chief Judge Timothy D. Osterhaus of the First District Court of Appeal to remove circuit court Judge Jennie Kinsey from exercising any "administrative supervision" or authority over cases in the First Judicial Circuit.[2]  Arce claimed that this was not an attempt to recuse Judge Kinsey from a specific case.  Rather, his asserted basis for relief was the fact that Judge Kinsey's mother was once the subject of a Florida Judicial Qualifications Commission case. *See In re Kinsey*, 842 So. 2d 77 (Fla. 2003).  In addition, Arce sought to stay all proceedings related to case numbers 462023DR002903CXXXXX and 462023DR004081CXXXXX in both the circuit court and the First District Court of Appeal, notwithstanding the fact that all cases in the district court were closed.

On January 16, 2026, we denied mandamus relief and expressly retained jurisdiction to pursue possible sanctions against Arce.  *Arce v. Chief Judge Timothy D. Osterhaus*, No. SC2025-1811 (Fla. Jan. 16, 2026); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).  We now find that Arce has failed to show cause why he

---

2.  Judge Kinsey is the presiding judge in Arce's ongoing domestic relations cases.

should not be barred, and we sanction him as set forth below.

Arce has filed numerous cases in this Court and in the First District Court of Appeal pertaining to his underlying domestic relations cases. The First District barred Arce from filing any pro se pleadings related to case number 462023DR002903CXXXXX. *Arce v. Arce*, No. 1D2025-1602 (Fla. 1st DCA Sept. 24, 2025). It then barred him from all future pro se filings in that court. *Arce v. Arce*, No. 1D2025-1404 (Fla. 1st DCA Dec. 18, 2025).

Including the mandamus petition in this case, Arce has filed fifteen pro se extraordinary petitions or notices to invoke with this Court since 2024, all related to Okaloosa County case numbers 462023DR002903CXXXXX and 462023DR004081CXXXXX.[3] The

3. *See Arce v. Arce*, No. SC2024-1822 (Fla. Jan. 31, 2025) (mandamus dismissed); *Arce v. Arce*, No. SC2025-0771 (Fla. June 9, 2025) (mandamus transferred); *Arce v. Arce*, No. SC2025-0706 (Fla. June 27, 2025) (habeas denied); *Arce v. Arce*, No. SC2025-1055 (Fla. Aug. 12, 2025) (prohibition denied); *Arce v. Arce*, No. SC2025-1322 (Fla. Sept. 2, 2025) (notice to invoke dismissed); *Arce v. Arce*, No. SC2025-1337 (Fla. Sept. 3, 2025) (notice to invoke dismissed); *Arce v. Arce*, No. SC2025-1491 (Fla. Sept. 29, 2025) (notice to invoke dismissed); *Arce v. Arce*, No. SC2025-1492 (Fla. Sept. 29, 2025) (notice to invoke dismissed); *Arce v. Arce*, No. SC2025-1381 (Fla. Oct. 15, 2025) (habeas denied); *Arce v. Arce*, No. SC2025-1653 (Fla. Oct. 22, 2025) (appeal transferred); *Arce v. Arce*, No. SC2025-1652 (Fla. Oct. 22, 2025) (appeal transferred); *Arce v. Arce*, No. SC2025-1608 (Fla. Oct. 23,

Court has never granted the relief sought in any of those cases; his petitions and notices were either denied, dismissed, or transferred—only to be denied or dismissed by the lower court.

In response to this Court's show cause order, Arce repeats much of the argument from his petition—he suggests that he will persist in challenging the domestic violence injunction and insists that his pleadings are justified, not frivolous.

We disagree. "Frivolous" is defined as "[l]acking in high purpose; trifling, trivial, and silly" and "[l]acking a legal basis or legal merit; manifestly insufficient as a matter of law." *Black's Law Dictionary* (12th ed. 2024); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint is frivolous "where it lacks an arguable basis either in law or in fact"). Regarding the instant petition, Arce's request to prohibit Judge Kinsey from serving as administrative judge is simply an attempt to circumvent his previously denied attempts to recuse Judge Kinsey in his domestic

---

2025) (prohibition denied); *Arce v. Arce*, No. SC2025-1683 (Fla. Oct. 29, 2025) (notice to invoke dismissed); *Arce v. Arce*, No. SC2025-1755 (Fla. Jan. 20, 2026) (mandamus denied).

relations cases. Arce's prior cases before this Court were similarly frivolous.

Upon consideration of Arce's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Arce's extensive history of filing pro se petitions and requests for relief that were frivolous or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Arce will continue to burden this Court's resources.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Armando Arce relating to case numbers 462023DR002903CXXXXX and 462023DR004081CXXXXX, unless such filings are signed by a member in good standing of The Florida Bar.

No motion for rehearing or clarification will be considered by

this Court.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

Original Proceeding – Mandamus

Armando Arce, pro se, Crestview, Florida,

for Petitioner

No appearance for Respondent